Squire, Sanders & Dempsey L.L.P.
Nathan Lane III (State Bar # 50961)
Joseph A. Meckes (State Bar # 190279)
One Maritime Plaza, Suite 300
San Francisco, California 94111-3492
Telephone: +1.415.954.0200
Facsimile: +1.415.393.9887
Email: NLane@ssd.com
   JMeckes@ssd.com

Attorneys for Plaintiff
IZUMI OHKUBO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

IZUMI OHKUBO,

        Plaintiff,

vs.

ANTARA BIOSCIENCES, INC.,
MARC R. LABGOLD and DANA
ICHINOTSUBO,

        Defendants.

Case No. C07 06354 PVT

**COMPLAINT FOR BREACH OF CONTRACT AND FRAUD**

Plaintiff IZUMI OHKUBO ("Ohkubo") alleges as follows:

**NATURE OF THE ACTION**

1. Ohkubo brings this action against defendants Antara Biosciences, Inc. ("Antara"), Marc R. Labgold ("Labgold") and Dana Ichinotsubo ("Ichinotsubo") (collectively "defendants") to recover damages arising out of defendants' fraudulent scheme to induce Ohkubo and others to purchase common stock of a newly formed corporation, Antara, based on material misrepresentations, and pursuant to an Investment Contract that Antara did not perform and had no intention of performing when executed by Labgold and Ichinotsubo.

**THE PARTIES**

2. Ohkubo is an individual citizen of Japan, with his principal residence and place of business in Tokyo, Japan.

3. Defendant Antara is a Delaware corporation, registered to do business in California, with its principal place of business in Palo Alto, California.

4. Defendant Labgold is an individual, who, on information and belief, is a resident and citizen of the Commonwealth of Virginia. At all relevant times, Labgold was the Chief Executive Officer of Antara and a member of the Board of Directors of Antara, as well as a partner in the law firm Patton Boggs LLP. Labgold was personally involved in the offer and sale of Antara's securities to Ohkubo and others.

5. Defendant Ichinotsubo is an individual, who, on information and belief, is a resident and citizen of the State of Hawaii. At all relevant times, Ichinotsubo was an officer and director of Antara and was the president of Eurus Genomics, Inc. ("Eurus"), a Delaware corporation with its principal place of business in Hawaii. Ichinotsubo was personally involved in the offer and sale of Antara's securities to Ohkubo and others.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this action 28 U.S.C. §1332 (diversity jurisdiction). The amount in controversy exceeds the sum of $75,000.

7. Venue is proper in this District pursuant to 28 U.S.C. §§1391 because all Defendants are subject to personal jurisdiction in this District.

## INTRADISTRICT ASSIGNMENT

8. This action is properly assigned to the San Jose Division because Antara has a principal place of business in Santa Clara County and a substantial part of the events or omissions giving rise to Ohkubo's claim occurred in Santa Clara County.

## FACTUAL BACKGROUND

9. Antara was incorporated in Delaware on December 16, 2005. Labgold and Ichinotsubo were founders and directors of Antara. As conceived by Labgold and Ichinotsubo, Antara planned to develop, manufacture and market electro-chemical, chip-based *in vitro* diagnostic systems and services that they claimed would revolutionize *in vitro* diagnostic evaluation using technology licensed from Toshiba Corporation. To achieve this objective, Labgold and Ichinotsubo set out to raise $75 million by March 31, 2006.

SQUIRE, SANDERS & DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

10. Apparently recognizing the difficulty of raising large sums of money for a start-up business with no track record from investors in the United States, where legal counsel and financial advisors acting on behalf of prospective investors would carefully review Antara's financial statements, projections and promises, Labgold and Ichinotsubo decided to seek investors in Japan. To find investors, Labgold and Ichinotsubo enlisted the assistance of Toshiaki Suzuki ("Suzuki"), a Japanese national and an officer of Genesys Technologies, Inc., a Japanese corporation that was identified by Antara, Labgold and Ichinotsubo as a founding corporate "partner" of Antara. At all relevant times, Suzuki acted as an agent and representative of Labgold, Ichinotsubo and Antara with respect to the acts and omissions alleged in this complaint. Labgold and Ichinotsubo provided Suzuki with various written promotional materials for Antara, including a Business Plan for Antara dated February 15, 2006 (the "Business Plan"), a true and correct copy of which is attached hereto as Exhibit A, and a Business Summary written in Japanese as of January 2006, which bore an internal date of February 12, 2006 (the "Business Summary"), a true and correct copy of which, together with an English language translation, is attached as Exhibit B. Labgold and Ichinotsubo authorized Suzuki to provide the Business Plan and the Business Summary to potential Japanese investors to induce them to invest in Antara. As authorized, Suzuki provided the Business Summary to Ohkubo on or about February 13, 2006, and solicited from Ohkubo an investment in Antara. Thereafter, as part of the effort to induce Ohkubo to invest in Antara, Suzuki, as authorized by Labgold and Ichinotsubo, provided to Ohkubo a copy of the Business Plan.

11. In late February 2006, Labgold and Ichinotsubo traveled to Japan to promote Antara to potential Japanese investors. On February 21, 2006, Labgold and Ichinotsubo, together with Suzuki and Ichinotsubo's sister, Dory Ichinotsubo, met personally with Ohkubo at Ohkubo's office in Tokyo, Japan, and solicited from Ohkubo an investment in Antara. Later that evening, at the Hotel Okura in Tokyo, Japan, Labgold and Ichinotsubo met with other prospective Japanese investors in Antara. In connection with the meeting, Labgold and Ichinotsubo provided the prospective Japanese investors with the Business Plan and Business Summary referred to above and solicited from them investments in Antara.

-3-
COMPLAINT FOR BREACH OF CONTRACT AND FRAUD
Case No. _____

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

12. Based on the information about Antara provided to him by Labgold and Ichinotsubo, including the Business Plan and the Business Summary, Ohkubo was interested in a possible investment in Antara. To determine finally whether to invest in Antara, however, Ohkubo sought some further information about Antara's corporate structure and finances. To that end, Ohkubo asked Suzuki to obtain information about Antara's shareholders and how much each has invested, the corporate status of Antara, and details of Antara's financial plans. On or about March 3, 2006, Suzuki forwarded Ohkubo's requests to Ichinotsubo by electronic mail, with a copy to Ohkubo. On or about March 5, 2006, Ichinotsubo responded by electronic mail and represented that Antara had $10,000,000 in paid in capital from three investors -- $5,000,000 from Eurus and the Ichinotsubo Family Trust, $2,000,000 from the Labgold Trust, and $3,000,000 from Clinical Laboratories of Hawaii (Dr. Park). Ichinotsubo represented that Antara was established on December 16, 2005, and had 1,000,000 shares. Ichinotsubo made other representations about additional projected financing that Antara would obtain and stated that a possible IPO for Antara would be sometime in early 2007.

13. On or about March 1, 2006, Ohkubo received a form of Investment Contract for the purchase of shares in Antara. In reliance on the representations, promises and commitments made in the Business Summary, in the Business Plan, in Ichinotsubo's March 5, 2006, electronic mail message, and in the Investment Contract, Ohkubo executed and delivered, on or about March 9, 2006, the Investment Contract to Suzuki for delivery to Ichinotsubo and Labgold. Both Ichinotsubo and Labgold subsequently executed the Investment Contract, on behalf of Eurus and Antara respectively. A true and correct copy of the Investment Contract as executed by all parties, together with an English translation of the Japanese language original, is attached hereto as Exhibit C.

14. In accordance with the terms of the Investment Contract, Ohkubo paid to Antara the sum of 190,000,000 Japanese yen in consideration of the delivery of 19,000 common, shares of Antara stock. To take advantage of a "discount" of 10,000 Japanese yen per share offered by Antara for early investors, Ohkubo wired funds to an account established by Antara at Bank of Tokyo Mitsubishi UFJ on March 3, 2006, but Ohkubo understood, as, on information and belief,

did Labgold, Ichinotsubo and Antara, that the funds would not be disbursed to Antara until the Investment Contract was executed by all parties and delivered.

## FIRST CLAIM FOR RELIEF

## BREACH OF CONTRACT AGAINST ANTARA

15. Ohkubo realleges and incorporates by reference paragraphs 9 through 14 above.

16. Ohkubo has performed all obligations, conditions and covenants required of him pursuant to the Investment Contract.

17. Antara breached the Investment Contract as follows:

    a. Antara failed to deliver to Ohkubo 19,000 common shares as required by Article 1 of the Investment Contract, but instead, without Ohkubo's consent delivered to Ohkubo non-voting shares of Antara stock;

    b. Antara failed, as required by Article 3, paragraph 1 of the Investment Contract, to provide Ohkubo of timely notice of share transfers, the issuance of new shares, amendment of the articles of incorporation, disposal of major assets, important changes in Antara's business plans and other matters that had a major impact on Antara's business;

    c. Antara failed and refused to repurchase Ohkubo's shares of Antara as required by Article 3, paragraph 2 of the Investment Contract;

    d. Antara failed and refused to provide Ohkubo with term-ending accounting documents, quarterly statements of account, business plans and plans for changes in business plans and reports of matters having a major impact on Antara, including without limitation, Antara's cessation of active business and its termination of key employees, and Antara failed to obtain Ohkubo's prior consent for such matters having a major impact on Antara, all as required by Article 4, paragraph 1 of the Investment Contract;

    e. Antara failed and refused to disclose, following request from Ohkubo, information about Antara, including without limitation a list of Antara's shareholders and information about the capital structure of Antara, copies of agreements relating to outstanding options, warrants and rights for the purchase or acquisition of Antara's securities, documents relating to agreements among Antara's shareholders, and license

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

-5-
COMPLAINT FOR BREACH OF CONTRACT AND FRAUD
Case No. _____

agreements between Antara and Toshiba or Eurus, all as required by Article 4, paragraph 2 of the Investment Contract;

  f. Antara breached the representation and warranty in Article 4, paragraph 3 of the Investment Contract because information provided to Ohkubo in relation to his acquisition of shares in Antara was not accurate and because such information omitted material facts necessary to make the information provided not misleading;

  g. Antara failed and refused to repurchase Ohkubo's shares as required by Article 4, paragraph 4 of the Investment Contract; and

  h. Antara has failed and refused to purchase all shares held by Ohkubo as required by Article 6, paragraph 3 of the Investment Contract.

18. Ohkubo has been damaged by Antara's breaches of the Investment Contract in an amount not less than 190,000,000 Japanese Yen plus interest as provided in the Investment Contract.

## SECOND CLAIM FOR RELIEF
## FRAUD AGAINST ANTARA, LABGOLD AND ICHINOTSUBO

19. Ohkubo realleges and incorporates by reference paragraphs 9 through 14 above.

20. As alleged in detail below, Antara, Labgold and Ichinotsubo obtained millions of dollars of investment funding from Ohkubo and other Japanese investors through a web of intentional misrepresentations and material omissions, and through promises made by defendants without any intention of performing them. Collectively, these misrepresentations, material omissions and promises intentionally painted an unjustifiably rosy and optimistic picture of Antara, its finances and business prospects. Antara, Labgold and Ichinotsubo perpetuated their deceit following Ohkubo's transfer of funds to Antara by deliberately failing to disclose material facts about Antara, its business and its financial condition that the defendants were obligated to disclose.

21. On information and belief, Labgold and Ichinotsubo prepared the Business Summary and the Business Plan and caused them to be delivered to Ohkubo and other investors in Japan to persuade those investors to invest in Antara. Those documents contained numerous false and

-6-

misleading statements and omitted to state material facts. For example, the Business Plan states that Antara "has a startup valuation of $10 million US dollars (Paid-In-Capital) through founders of the company." As defendants knew, this statement was false when made, because Antara did not have paid in capital from its founders in the amount of $10,000,000, as evidence is likely to show after a reasonable opportunity for further investigation and discovery, including delivery of the financial statements that Antara promised but failed to deliver to Ohkubo. The Business Plan further states that Antara's

> "founded capitalization is valued at $100,000,000 ($1,000,000 per percentage ownership). Based upon current market valuations, value a company having ANTARA's technology, management team and scientific staff and leadership at approximately $350,000,000. Thus the initial investors will hold a 3.5:1 advantage."

As defendants knew, this statement was false when made, because Antara did not have founded capitalization valued at $100,000,000, and could not reasonably have been valued at $350,000,000, as evidence is likely to show after a reasonable opportunity for further investigation and discovery. The Business Plan further stated that Antara planned to

> "position itself for an initial public offering ("IPO") in December 2006. Preliminary discussions with Wallstreet market-makers indicate that the timing for such an offering in the U.S. biotech sector would be optimum, with an expected IPO value on the order of US$750 million."

As defendants knew, these statements were false when made, because defendants had no reasonable basis for believing that Antara could position itself for an initial public offering in December 2006 or that Antara's shares would be valued at $750,000,000 in December 2006, as evidence is likely to show after a reasonable opportunity for further investigation and discovery. Defendants made the statements set forth in this paragraph 21 with the intent to deceive potential investors, including Ohkubo, and with the knowledge that such investors, including Ohkubo, would rely on them.

    22. On or about March 5, 2006, Ichinotsubo responded in a written electronic mail message to questions about Antara asked by Ohkubo. In that electronic mail message, which Ichinotsubo wrote to Suzuki with the intent that it be delivered to Ohkubo and which was

-7-

delivered to Ohkubo, Ichinotsubo stated that Antara had $10,000,000 dollars in paid-in-capital from three shareholder groups -- $5,000,000 from Eurus and the Inchinotsubo Family Trust, $2,000,000 for the Labgold trust, and $3,000,000 from Clinical Laboratory Hawaii (Dr. Park). As Ichinotsubo knew, this statement was false when made, because Antara did not have paid in capital from its founders in the amount of $10,000,000, had not issued any shares and had not received the funds referred to in Ichinotsubo's electronic mail message, as evidence is likely to show after a reasonable opportunity for further investigation and discovery. Ichinotsubo further represented that Antara had 1,000,000 shares. Ichinotsubo knew, but failed to inform Ohkubo, that Antara planned to issue an additional 2,000,000 shares and to divide Antara's shares into voting common stock and non-voting common stock. Ichinotsubo further knew, but failed to inform Ohkubo, that Antara planned to issue 560,000 shares of voting common stock to Eurus for a total price of $5,600; 100,000 shares of voting common stock to Ichinotsubo for a total price of $1,000; 100,000 shares of voting common stock to Labgold for a total price of $1,000; 90,000 shares of voting common stock to Akolea LLC for a total price of $900; and 50,000 shares of voting common stock to Genesys Technologies, Inc. for a total price of $500. These omissions were material and intentional, and the undisclosed information was necessary to make the representations about the number of Antara's shares, the identity of Antara's shareholders and the paid-in-capital of Antara not misleading.

23. On or about March 9, 2006 in Tokyo, Japan (March 8, 2006, in the United States), Ohkubo executed and delivered the Investment Contract to Suzuki. When Ohkubo executed and delivered the Investment Contract to Suzuki, it had not been executed by Labgold or Ichinotsubo, who, on information and belief, did not execute the Investment Contract until after March 9, 2006. When Labgold and Ichinotsubo executed the Investment Contract on behalf of Antara and Eurus respectively, each of them knew that the Investment Contract contained promises and obligations that neither Antara nor Eurus intended to perform and that the Investment Contract contained representations and warranties that were not true. In particular, Labgold and Ichinotsubo knew that Antara did not intend to issue common shares to Ohkubo, but intended to issue non-voting stock; that Antara had not provided and did not intend to provide to Ohkubo

-8-

COMPLAINT FOR BREACH OF CONTRACT AND FRAUD
Case No. _____

SQUIRE, SANDERS & DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco CA 94111-3492

written notification of the major matters referred to in Article 3, paragraph 1 of the Investment Contract, including the issuance of new shares, the amendment of the articles of incorporation, important changes in Antara's business plans or other matters having a major impact on Antara's business; and that neither Antara nor Eurus intended to purchase the shares owned by Ohkubo under the circumstances set forth in the Investment Contract.  In fact, on March 9, 2006, Labgold and Ichinotsubo, acting as directors of Antara, had approved amendments to the Certificate of Incorporation, had authorized the issuance of new voting common shares to themselves and others, had authorized a new class of non-voting stock, and had approved a form of stockholders agreement with materially different and much less favorable rights than those contained in the Investment Contract.

24.  The misrepresentations, omissions and promises made without the intention of performing them were material and were made by defendants with the intention of deceiving investors, including Ohkubo.  Ohkubo relied on the accuracy of the facts set forth in the Business Plan, the Business Summary and the written responses to his questions as provided by Ichinotsubo.  Ohkubo further relied on the promises, representations and warranties made in the Investment Agreement.  If Ohkubo had known the true facts and the true intention of Labgold, Ichinotsubo and Antara, Ohkubo would not have invested in Antara and would not have recommended Antara to other Japanese investors.

25.  Ohkubo has been damaged by the fraudulent scheme of Antara, Labgold and Ichinotsubo in the amount of at least 190,000,000 Japanese Yen plus interest.

26.  As a consequence of defendants' fraudulent acts, Ohkubo is entitled to an award of punitive damages against Labgold, Ichinotsubo and Antara, jointly and severally.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff Izumi Ohkubo prays for relief as follows:

### First Claim for Relief—Breach of Contract

1.  For compensatory contract damages against Antara in an amount equivalent to 190,000,000 Japanese Yen plus interest from March 9, 2006 until the time damages are recovered, as provided by the investment agreement and by law;

-9-

COMPLAINT FOR BREACH OF CONTRACT AND FRAUD
Case No. _____

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

### Second Claim for Relief--Fraud

2. For monetary damages against Marc Labgold, Dana Ichinotsubo, and Antara to punish them for the injury they inflicted as a result of fraud in an amount to be determined according to proof, but not less than 190,000,000 Japanese Yen;

3. For punitive damages against Marc Labgold, Dana Ichinotsubo, and Antara for injury resulting from their fraudulent scheme;

4. For costs and attorney's fees in bringing this action; and

5. For such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: December 14, 2007

SQUIRE, SANDERS & DEMPSEY L.L.P.

By: _____
Joseph A. Meckes

Attorneys for Plaintiff
IZUMI OHKUBO

## JURY DEMAND

Plaintiff Izumi Ohkubo hereby demands a jury trial on all issues appropriately triable by a jury.

Dated: December **14**, 2007

SQUIRE, SANDERS & DEMPSEY L.L.P.

By: _____
Joseph A. Meckes

Attorneys for Plaintiff
IZUMI OHKUBO

-11-
COMPLAINT FOR BREACH OF CONTRACT AND FRAUD
Case No. _____