1

KURT OSENBAUGH (State Bar No. 106132)
**WESTON, BENSHOOF, ROCHEFORT,**
    **RUBALCAVA & MacCUISH LLP**
333 South Hope Street
Sixteenth Floor
Los Angeles, California 90071
Telephone: (213) 576-1000
Facsimile: (213) 576-1100
Email: kosenbaugh@wbcounsel.com

2

3

4

5

6

7

Attorneys for Defendants
ANTARA BIOSCIENCES, INC.,
MARC R. LABGOLD and DANA ICHINOTSUBO

8

9

10

# UNITED STATES DISTRICT COURT

11

## NORTHERN DISTRICT OF CALIFORNIA

12

13

| | |
|---|---|
| IZUMI OHKUBO, | Case No.: C07 06354 JW |
|       Plaintiff, | **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT** |
|   v. | Date: April 7, 2008<br>Time: 9:00 a.m. |
| ANTARA BIOSCIENCES, INC.<br>MARC R. LABGOLD AND DANA<br>ICHINOTSUBO, |       Honorable James Ware<br>      Courtoom 8 |
|       Defendants. | [[Proposed] Order, Certification of Interested Entities or Persons, Declaration of Dana Ichinotsubo, and Declaration of Marc R. Labgold, Ph.D., filed concurrently herewith] |
| | Complaint Filed:  December 14, 2007 |

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on April 7, 2008, at 9:00 a.m. or as soon thereafter as the matter may be heard in Courtroom 8 of the above-entitled Court, Defendants, Antara Biosciences, Inc. ("Antara"), Marc R. Labgold ("Labgold"), and Dana Ichinotsubo ("Ichinotsubo") (collectively "Defendants"), will and hereby do move, pursuant to Federal Rule of Civil Procedure 12(b)(3), to dismiss Plaintiff Izumi Ohkubo's ("Ohkubo") Complaint.

This motion is brought on two grounds. First, Plaintiff's action was improperly filed in the Northern District of California, because the forum selection clause in the parties' Investment Contract required Plaintiff to file any lawsuit arising from that Contract in Tokyo District Court.  Second, the Complaint should be dismissed on the grounds of *forum non conveniens*.  The plaintiff is Japanese, the Investment Contract was written in Japanese and signed in Japan, Japanese law governs the Contract, there is a Japanese forum selection clause in the Contract, and key evidence and witnesses relating to this dispute are located in Japan.  Based on the foregoing, Defendants request the Court to dismiss Plaintiff's action in its entirety.

This Motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities, and upon such other and further argument and evidence as may be presented at the time of the hearing of this Motion.

DATED: February 19, 2008 KURT OSENBAUGH
         **WESTON, BENSHOOF, ROCHEFORT,**
          **RUBALCAVA & MacCUISH LLP**

            /s/
            Kurt Osenbaugh
         Attorneys for Defendants
         ANTARA BIOSCIENCES, INC., MARC R.
         LABGOLD and DANA ICHINOTSUBO

DEFENDANTS' MOTION TO DISMISS COMPLAINT

1119611.1

## TABLE OF CONTENTS

PAGE

I.    Introduction ................................................................................................ 1

II.   FACTUAL BACKGROUND ...................................................................... 1

III.  THIS CASE SHOULD BE DISMISSED BASED ON THE FORUM
      SELECTION CLAUSE OF THE INVESTMENT CONTRACT. ...................... 3

      A.   The Forum Selection Clause Is Valid And Should Be Enforced .............. 3

      B.   The Forum Selection Clause Governs Plaintiff's Tort Claims ................ 5

IV.   THE CASE SHOULD BE DISMISSED BASED ON FORUM NON
      CONVENIENS. ........................................................................................ 7

      A.   The Tokyo District Court Is An Available Alternative Forum ................ 7

      B.   The Balance Of Private And Public Interest Factors Warrants
           Dismissal For Forum Non Conveniens ...................................................... 8

           1.   Private Interest Factors ................................................................. 8

           2.   Public Interest Factors ................................................................ 10

V.    CONCLUSION ........................................................................................ 11

DEFENDANTS' MOTION TO DISMISS COMPLAINT

1119611.1

# TABLE OF AUTHORITIES

PAGE

CASES

*American Dredging Co. v. Miller*,
   510 U.S. 443, 114 S. Ct. 981 (1994) ..................................................................7

*Argueta v. Banco Mexicano, S.A.*,
   87 F.3d 320 (9th Cir. 1996) ..............................................................................4

*Arno v. Club Med Inc.*,
   22 F.3d 1464 (9th Cir. 1994) ............................................................................9

*Beekmans v. J.P. Morgan & Co.*,
   945 F. Supp. 90 (S.D.N.Y. 1996) .....................................................................9

*Bremen v. Zapata Off-Shore Co.*,
   407 U.S. 1 (1972) ..........................................................................................4-5

*Dawson v. Compagnie Des Bauxites De Guinee*,
   593 F. Supp. 20 (D. Del. 1984) .......................................................................10

*E. & J. Gallo Winery v. Andina Licores S.A.*,
   446 F.3d 984 (9th Cir. 2006) ............................................................................4

*Gulf Oil Corp. v. Gilbert*,
   330 U.S. 501 (1947) .....................................................................................7, 10

*Jones v. GNC Franchising, Inc.*,
   211 F.3d 495 (9th Cir. 2000) ............................................................................3

*Klaxon Co. v. Stentor Electric Mfg. Co.*,
   313 U.S. 487 (1941) ..........................................................................................9

*Lau v. Silva*,
   Civ. Act. No. 04-2351, 2006 U.S. Dist. Lexis 58514 (E.D. Cal. Aug. 16, 2006) ...................9

*Lauro Lines S.R.L. v. Chasser*,
   490 U.S. 495, 109 S. Ct. 1976 (1989) ..............................................................4

*Lockman Found. v. Evangelical Alliance Mission*,
   930 F.2d 764 (9th Cir. 1991) ............................................................................7

*Manetti-Farrow, Inc. v. Gucci America, Inc.*,
   858 F.2d 509 (9th Cir. 1988) .........................................................................3, 6

*Medicor AG v. Arterial Vascular Eng'g.*,
   Civ. Act. No. 96-2979 MHP, 1997 U.S. Dist. Lexis 4384 (N.D. Cal. Jan. 30, 1997)...........7, 9

DEFENDANTS' MOTION TO DISMISS COMPLAINT

1119611.1

*Modus, Inc. v. Psinaptic, Inc.*,
  No. C 06-02074 SI, Westlaw, 2006 WL 1156390 (N.D. Cal., 2006)..........................................6

*Moss v. Tiberon Minerals Ltd.*,
  Civ. Act. No. 07-2732 SC, 2007 U.S. Dist. Lexis 83975 (N.D. Cal. Nov. 1, 2007)....... *Passim*

*Murphy v. Schneider Nat'l, Inc.*,
  362 F.3d 1133 (9th Cir. 2003) ............................................................................................4-5

*Orr v. Bank of America, NT & SA*,
  285 F.3d 764 (9th Cir. 2002) ..................................................................................................9

*Overseas Media, Inc. v. Skvortsov*,
  441 F. Supp. 2d 610 (S.D.N.Y. 2006) ...............................................................................8-9, 11

*Talatala v. Nippon Yusen Kaisha Corp.*,
  974 F. Supp. 1321 (D. Haw. 1997).......................................................................................4-5


**STATUTES**

Cal. Civ. Code § 1646 ...............................................................................................................9


**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 12(b)(3) .............................................................................1, 4

DEFENDANTS' MOTION TO DISMISS COMPLAINT

1119611.1

1    ## MEMORANDUM OF POINTS AND AUTHORITIES

2    ## I.    INTRODUCTION

3    Antara Biosciences, Inc. ("Antara"), Marc Labgold ("Labgold"), and

4    Dana Ichinotsubo ("Ichinotsubo"), (collectively "Defendants") bring this motion to

5    dismiss Plaintiff, Izumi Okhubo's ("Okhubo") Complaint pursuant to Federal Rule of

6    Civil Procedure 12(b)(3). This motion is brought on two grounds. First, the parties to

7    this lawsuit signed an Investment Contract, which contains a forum selection clause

8    mandating that any litigation arising from the Contract shall be brought in Tokyo

9    District Court. Plaintiff filed his claim, which centers on the parties' rights and

10   obligations under the Investment Contract, in California District Court. Accordingly,

11   Defendants move to dismiss Plaintiff's action because Plaintiff has filed in the wrong

12   venue.

13   Second, Defendants bring this motion to dismiss on the grounds of *forum*

14   *non conveniens*. Plaintiff himself is a resident of Japan. Antara's CEO, Labgold,

15   resides in Virginia, and Ichinotsubo, an officer and director of Antara, is a resident of

16   Hawaii. All parties have submitted to jurisdiction in Japan. The Contract at issue was

17   written in Japanese, signed in Japan, and is governed by Japanese law. Key evidence

18   relating to the resolution of this dispute is located in Japan. Indeed, Plaintiff has

19   already filed a parallel action in Japan, in which he is litigating the same issues as

20   those raised in the instant action. As these facts illustrate, forcing Defendants to

21   litigate this dispute in California would be overly burdensome as compared to having

22   the litigation proceed in Japan, pursuant to the forum selection clause in the

23   Investment Contract. Consequently, Defendants respectfully request the Court to

24   dismiss Plaintiff's action in its entirety.

25   ## II.    FACTUAL BACKGROUND

26   Ohkubo, a citizen and resident of Japan (Compl. ¶ 2), filed this action

27   arising from an investment he made in Antara. Antara is a Delaware corporation that

28   is registered to do business in California. (*Id.* ¶ 3). Antara was founded in 2005 to

1

1    develop and sell *in vitro* diagnostic systems using an electro-chemical detection

2    system. (*Id.* ¶ 9). It sought to raise money to pursue its business from investors in

3    Japan (*id.* ¶ 10), as well as the United States. Antara's CEO and director, Labgold, is a

4    citizen and resident of the Commonwealth of Virginia. (*Id.* ¶ 4). Ichinotsubo, an

5    officer and director of Antara and K.K. Eurus Genomics (Tokyo, Japan) ("Eurus"), is

6    a citizen and resident of the State of Hawaii. (*Id.* ¶ 5).

7    A third-party, Toshiaki Suzuki ("Suzuki"), a Japanese citizen, of Genesys

8    Technologies Inc., a Japanese corporation, provided Ohkubo with information about

9    Antara. (*Id.* ¶ 10). In February 2006, Ohkubo allegedly met with Suzuki, Labgold

10   and Ichinotsubo in Tokyo, Japan to discuss a potential investment in Antara. (*Id.* ¶

11   11). He avers that in March 2006, he asked Suzuki for additional Antara-related

12   information, which Ichinotsubo allegedly provided. (*Id.* ¶ 12).

13   Ohkubo alleges that he executed an Investment Contract on March 9,

14   2006 (*id.* ¶ 13 & Ex. C). He signed that contract (which is in Japanese) in Japan and

15   delivered it to Suzuki in Japan. (*Id.*). The Investment Contract provided that Ohkubo

16   would receive 19,000 shares of common stock in Antara for payment of

17   JP¥190,000,000 (currently about $1.7 million). (*Id.* ¶ 14). The Investment Contract

18   expressly provides that:

19   The Tokyo District Court shall be the court with jurisdiction

20   regarding lawsuits related to this Memorandum [*i.e.*, the

21   Investment Contract].

22   (Compl. Ex. C Art. 9). Ohkubo alleges that he wired his investment to Antara's

23   account at a Japanese bank on March 3, 2006. (*Id.*).

24   On December 26, 2006, Ohkubo *et al.* filed suit against Eurus in the

25   Tokyo District Court, Tokyo, Japan. That suit is premised upon the same Investment

26   Contract, facts and circumstances, and seeks, *inter alia*, to have Eurus repurchase his

27   shares in Antara. On April 13, 2007, the Tokyo Court entered a preliminary finding

28   that Eurus repurchase the Antara shares and return to Ohkubo *et al.* JP¥190,000,000.

2

1119611.1

1    The case is currently pending in the Japanese court.

2        Notwithstanding the Investment Contract's forum selection clause and the

3    corresponding active case in Japan, Ohkubo filed this action.  His complaint asserts

4    two claims – (1) breach of the Investment Contract by Antara; and (2) fraud by

5    Antara, Labgold and Ichinotsubo, which allegedly induced Ohkubo to enter into the

6    Investment Contract.[1]

7        Defendants now move to dismiss this case based on the forum selection

8    clause in the contract at issue and for *forum non conveniens*.  Moreover, Antara,

9    Labgold, and Ichinotsubo all agree to submit to the jurisdiction of the Tokyo Court.

10   (Declaration of Marc R. Labgold, Ph.D. ¶ 12; Declaration of Dana Ichinotsubo ¶ 9).

11   Accordingly, the motion to dismiss should be granted.

12

13   **ARGUMENT**

14   **III.    THIS CASE SHOULD BE DISMISSED BASED ON THE FORUM**

15   **SELECTION CLAUSE OF THE INVESTMENT CONTRACT.**

16       **A. The Forum Selection Clause Is Valid And Should Be Enforced**

17       This Court should dismiss this case based on the forum selection clause

18   contained in the Investment Contract.  Indeed, the language of that agreement could

19   not be clearer:  "The Tokyo District Court **shall** be **the** court with jurisdiction

20   regarding lawsuits related to this Memorandum."  (Ex. C Art. 9, emphasis added).

21       The law is similarly clear.  In diversity cases, federal law governs the

22   scope and effect of forum selection clauses. *Jones v. GNC Franchising, Inc.*, 211 F.3d

23   495, 497 (9th Cir. 2000); *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509,

24   512 (9th Cir. 1988).  Under federal law, "forum selection clauses are presumptively

25   valid." *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1140 (9th Cir. 2003), citing

26   *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12; 92 S. Ct. 907 (1972) (overruled on

27

---

[1]        Pleadings and admissions by Ohkubo in the Japanese case demonstrate that, *inter alia*, the instant fraud claims are baseless and wholly lacking of merit.

3

1119611.1

1    other grounds by *Lauro Lines S.R.L. v. Chasser*, 490 U.S. 495, 501, 109 S. Ct. 1976

2    (1989); *see also E. & J. Gallo Winery v. Andina Licores S.A.,* 446 F.3d 984, 992 (9th

3    Cir. 2006); ("the Supreme Court has established a strong policy in favor of the

4    enforcement of forum selection clauses."); *Talalala v. Nippon Yusen Kaisha Corp.,*

5    974 F. Supp. 1321, 1325 (D. Haw. 1997).    A foreign selection clause should be

6    enforced "absent some compelling and countervailing reason." *Bremen*, 407 U.S. at

7    12; *see also Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324-25 (9th Cir. 1996)

8    (followed *Bremen* and enforced a Mexico forum selection clause in a loan agreement);

9    *Tesser, Inc. v. Advanced Micro Devices, Inc.*, Civil Act. No. 05-4063 CW, 2007 U.S.

10    Dist. Lexis 83999 at *20 (N.D. Cal. Nov. 1, 2007) ("public policy generally favors the

11    enforcement of forum selection clauses so long as they are reasonable").[2]

12           The Supreme Court recognized three factors that could render a forum

13    selection clause unreasonable:  (1) the clause was included in the agreement because

14    of fraud or overreaching; (2) the party would be deprived of its day in court if the

15    clause was enforced; and (3) enforcement would contravene a strong public policy of

16    the forum in which suit is brought. *Bremen*, 407 U.S. at 12-13, 15, 18; *see also*

17    *Murphy*, 362 F.3d at 1140.    Further, as the party challenging the forum selection

18    clause, Ohkubo has the heavy burden to prove the clause in the Investment Contract is

19    not reasonable.  *See, e.g., Bremen*, 407 U.S. at 15; *Murphy*, 362 F.3d at 1140;

20    *Argueta*, 87 F.3d at 325.  In addition, a motion to enforce a forum selection clause is

21    made pursuant to Fed. R. Civ. P. 12(b)(3) (improper venue), the pleadings need not be

22    accepted as true and the Court may consider facts outside of the pleadings. *See, e.g.,*

23    *Murphy*, 362 F.3d at1137; *Talalala*, 974 F. Supp. at 1324.

24           The decision in *Talalala*, 974 F. Supp. 1321, is instructive.  The dispute

25

26    ―――――――――――

27    [2]    The Ninth Circuit has articulated why it is important to enforce forum selection clauses: "Forum selection clauses are increasingly used in international business.  When included in freely

28    negotiated commercial contracts, they enhance certainty, allow parties to choose the regulation of their contract, and enable transaction costs to be reflected accurately in the transaction price." *E. & J. Gallo Winery*, 446 F.3d at 992.

1119611.1

1    in that case related to a bill of lading that included a provision that "any action
2    thereunder shall be brought before the Tokyo District Court in Japan." *Id.* at 1325.
3    The defendant moved to dismiss the Hawaii case based on the forum selection clause
4    in the bill of lading. The District Court granted the motion. It held that the language
5    of the foreign selection clause was "clearly mandatory" and enforceable. *Id.* The
6    Court went on to find that the plaintiff did not meet its burden to show that such
7    enforcement would be unreasonable. Among other things, it held that "[t]here is no
8    evidence that the Tokyo District Court of Japan would not provide an appropriate
9    remedy." *Id.* at 1327.

10           The same result should occur here. The language of the foreign selection
11   clause in the Investment Contract is mandatory. Ohkubo entered into the Investment
12   Contract that contained the Tokyo forum selection clause. "The choice of that forum
13   was made in an arm's-length negotiation by sophisticated and experienced
14   businessmen" (*Bremen*, 407 U.S. at 12), and it should be enforced. Nor can Ohkubo
15   meet his heavy burden of proving that enforcement of the clause would be
16   unreasonable and unjust. Dismissing the case in favor of a home Japanese court
17   would surely not inconvenience Ohkubo. He cannot argue that it would be
18   fundamentally unfair to apply Japanese law to a contract written in the Japanese
19   language, negotiated and executed in Japan by a Japanese citizen. Nor can Ohkubo
20   argue that the Tokyo District Court would be unfair when he has already filed a case
21   there on the same Investment Contract at issue here. Consequently, the Defendants'
22   motion to dismiss should be granted.

23       **B.    The Forum Selection Clause Governs Plaintiff's Tort Claims**

24           A valid forum selection clause extends to all claims that relate in some
25   way to the rights and duties of the parties under their contract. See *Manetti-Farrow,*
26   *Inc. v. Gucci America, Inc.*, 858 F.2d 509, 514 (9th Cir., 1988) (tort claims involving
27   alleged price squeezing, fraudulently obtaining customer lists, and wrongfully
28   neglecting delivery orders relate to the parties' contract); *Modus, Inc. v. Psinaptic,*

1119611.1

1    *Inc.*, No. C 06-02074 SI, Westlaw, 2006 WL 1156390, *7 (N.D. Cal., 2006).  Because

2    the claims asserted against Defendants in the instant action arise from the parties'

3    rights and duties under the Investment Contract, those claims are encompassed by the

4    forum selection clause in the Investment Contract.

5         In *Modus, Inc. v. Psinaptic, Inc.*, 2006 WL 1156390 (N.D. Cal., 2006),

6    the contract at issue mandated that the Court of Queen's Bench, in the City of

7    Calgary, Province of Alberta, Canada, would have exclusive jurisdiction over any

8    disputes arising under it.  *Modus* at *5.  The plaintiff argued that the forum selection

9    clause did not extend to its tort claims, including intentional misrepresentation,

10   fraudulent inducement, and negligent misrepresentation, because those claims did not

11   involve a contractual dispute.  The *Modus* court acknowledged the rule set forth in

12   *Manetti-Farrow* that the application of a forum selection clause to tort claims depends

13   on whether the resolution of those claims relate to the interpretation of the contact.  *Id*

14   at *7; *Manetti-Farrow* at 514.  The court then concluded that the plaintiff's causes of

15   action related to the parties' agreement.  *Id.*  In reaching its holding, the court

16   reasoned that in order to evaluate plaintiff's claims against the defendant, a factfinder

17   would have to examine and interpret the agreement between the parties as evidence

18   for what the parties intended their rights and duties to be.  *Id.*

19        Here, the same logic applies.  Plaintiff's claim in tort is based on fraud.

20   Plaintiff alleges that Defendants made a series of material misstatements about the

21   economic fortitude and business prospects of Antara. (Compl. ¶ 20-22).  Additionally,

22   Plaintiff asserts that Defendants made false promises in the Investment Contract that

23   they never intended to keep.  (*Id* ¶ 23).  Just as was the case in *Modus*, in order to

24   evaluate Plaintiff's allegations of fraud in the instant action, so too would a factfinder

25   here need to examine and interpret the parties' Investment Contract in order to

26   understand what the parties intended their respective rights and obligations to be.

27   Therefore, Plaintiff is bound to the forum selection clause in the Investment Contract

28   with respect to all of his claims.  Accordingly, Plaintiff's action should be dismissed

1119611.1

1    in its entirety for failure to bring those claims in the appropriate forum.

2    ## IV.    THE CASE SHOULD BE DISMISSED BASED ON FORUM NON

3    ## CONVENIENS.

4         The complaint also should be dismissed on grounds of *forum non*

5    *conveniens*.  There is no reason why this Court should decide a case brought by a

6    Japanese citizen relating to alleged conduct that took place in Japan related to the

7    Investment Contract, which was discussed and signed in Japan, is governed by

8    Japanese law and which contains a Tokyo forum section clause.

9         "A party moving to dismiss on grounds of *forum non conveniens* must

10   show two things: (1) the existence of an adequate alternative forum, and (2) that the

11   balance of private and public interest factors favors dismissal." *Lockman Found. v.*

12   *Evangelical Alliance Mission*, 930 F.2d 764, 767 (9th Cir. 1991).  *See also Gulf Oil*

13   *Corp. v. Gilbert*, 330 U.S. 501, 508-09; 67 S. Ct. 839 (1947) (superseded by statute on

14   other grounds as explained in *American Dredging Co. v. Miller*, 510 U.S. 443, 449,

15   114 S. Ct. 981 (1994).  Both elements are met here.

16   ### A. The Tokyo District Court Is An Available Alternative Forum.

17        There is an available alternative forum – the District Court in Tokyo,

18   Japan.  The existence of an available alternative forum is shown when the defendants

19   are amenable to process in the other jurisdiction.  *See, e.g., Moss v. Tiberon Minerals*

20   *Ltd.*, Civ. Act. No. 07-2732 SC, 2007 U.S. Dist. Lexis 83975 at *4 (N.D. Cal. Nov. 1,

21   2007).  In *Moss*, the Court held that a court in Ontario was an adequate forum where

22   the defendant agreed to submit to jurisdiction in Canada.  *Id.; see also Medicor AG v.*

23   *Arterial Vascular Eng'g.*, Civ. Act. No. 96-2979 MHP, 1997 U.S. Dist. Lexis 4384 at

24   *7 (N.D. Cal. Jan. 30, 1997) ("A defendant's agreement to submit to the personal

25   jurisdiction of a foreign country satisfies this requirement.").

26        Here, Antara is a signatory to the Investment Contract and thus has

27   already agreed to the jurisdiction of the Tokyo District Court.  (Compl. Ex. C Art. 9).

28   Moreover, Antara, Labgold, and Ichinotsubo all agree to submit to the jurisdiction of

7

1119611.1

the Tokyo Court. (Labgold Decaration ¶ 12; Ichinotsubo Declaration ¶ 9). Okubo has already initiated litigation related to his Antara investment in the Tokyo Court. *See Overseas Media, Inc. v. Skvortsov*, 441 F. Supp. 2d 610, 618 (S.D.N.Y. 2006) ("any assertion that a Russian court is an inadequate forum is undercut by the fact that at least one plaintiff in this action is a Russian entity that is a party to a related infringement action regarding the series at issue, presently pending in Russia."). As such, the Japanese court provides a more than "adequate" alternative forum.

**B. The Balance Of Private And Public Interest Factors Warrants Dismissal For Forum Non Conveniens.**

### 1.    Private Interest Factors

The private interest factors support dismissal. "'Private interest factors include: ease of access to sources of proof; compulsory process to obtain the attendance of hostile witnesses, and the cost of transporting friendly witnesses; and other problems that interfere with an expeditious trial.'" *Moss*, 2007 U.S. Dist. Lexis 83975 at *5, quoting *Contact Lumber Co. v. P.T. Moyes Shipping Co.*, 918 F.2d 1446, 1451 (9th Cir. 1990).

As noted above, the Defendants here have agreed to submit to the jurisdiction of the Tokyo District Court. Further, Ohkubo resides in Japan and he surely cannot argue that trial in Japan would inconvenience him. Additionally, critical relevant evidence is located in Japan. In particular, a key witness and central figure to the alleged acts, Suzuki, and his corporation, Genesys, are located in Japan and outside the inherent jurisdiction of this Court. Defendants would be significantly disadvantaged by not having the ability to bring this witness forward or compel his production of relevant information. In marked contrast, evidence required from the named Defendants will be within the Japanese court's jurisdiction.

The expeditious trial factor also weighs in favor of a Japanese forum. The Investment Contract with a Japanese citizen was discussed and executed in Japan, is written in the Japanese language, contains a Japanese forum selection clause and is

DEFENDANTS' MOTION TO DISMISS COMPLAINT

1119611.1

governed by Japanese law.[3]  Certainly, Japanese courts will be able to apply Japanese contract law and address issues of Japanese language much more efficiently than this Court.  *See, e.g., Skvortsov*, 441 F. Supp. 2d at 618-19 ("as communication with the Court over mistranslation has revealed, the language barrier surely factors into the analysis here."); id. at 619-20 (the need to consider and apply foreign law favors dismissal); *Moss*, 2007 U.S. Dist. Lexis 83975 at *7 ("Canadian courts will be able to apply Canadian contract law more efficiently than this Court."); *Beekmans v. J.P. Morgan & Co.*, 945 F. Supp. 90, 94 (S.D.N.Y. 1996) ("Dutch courts are far better situated to apply and interpret Dutch law."); *Medicor AG*, 1997 U.S. Dist. Lexis 4384 at *12-13 (granted motion to dismiss in favor of a Swiss court where, *inter alia*, plaintiffs were Swiss corporations, and a contract at issue was governed by Swiss law); *Dawson v. Compagnie Des Bauxites De Guinee*, 593 F. Supp. 20, 26 (D. Del. 1984) (forum non convenions motion to dismiss granted based in part on "the undoubted burden that the language barrier would create for a trial in Delaware."); *id.* at 28 ("so this Court anticipates it would have great difficulty in applying Guinean law in this case.  It would be far better to have the courts of Guinea apply their own law with which they are most familiar.").

---

[3]  As a diversity action, the Court must apply the choice of law rules of the forum.  *See, e.g., Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487 (1941).  "There appears to be some difference of opinion [among California courts] as to whether California's choice of law rule for contracts is the governmental interest test ... or the test of Cal. Civ. Code § 1646."  *Arno v. Club Med Inc.*, 22 F.3d 1464, 1468 n.6 (9th Cir. 1994) (citations omitted).  Under the governmental interest test, if the law differs between two jurisdictions, "the court must apply the law of the state whose interest would be more impaired if its law were not applied."  *Lau v. Silva*, Civ. Act. No. 04-2351, 2006 U.S. Dist. Lexis 58514 at *11 n.4 (E.D. Cal. Aug. 16, 2006) (citation omitted).  Cal. Civ. Code § 1646 provides that "[a] contract is to be interpreted according to the law and usage of the place where it is to be performed; or, if it does not indicate a place of performance, according to the law and usage of the place where it is made.").  Here, the Investment Contract does not set forth a place of performance. A contract is made where acceptance occurred.  *See Arno*, 22 F.3d at 1472.  Acceptance of the contract occurred in Japan.  (Ex.1, ¶10; Ex. 2, ¶7).  In addition, the alleged contract was made by a Japanese citizen, it contained a Japan forum selection clause, and the claim is based on alleged events and injury that occurred in Japan.  Under either test, Japanese law would apply.
Further, the law of Japan would also govern Ohkubo's fraud claim.  *See, e.g., Orr v. Bank of America, NT & SA*, 285 F.3d 764, 784 (9th Cir. 2002) ("Applying California's governmental interest test, we conclude that Nevada law, including its statute of limitations, is applicable to Orr's tort claims.").

9

1119611.1

1    A plaintiff's choice of forum is entitled to less deference when the

2    plaintiff does not reside in that forum. *See, e.g., Dawson v. Compagnie Des Bauxites*

3    *De Guinee*, 593 F. Supp. 20, 25 (D. Del. 1984) ("In the present actions, the plaintiff is

4    a British resident and citizen who has never had any connection with Delaware and

5    accordingly her choice of forum in Delaware has less significance in determining

6    whether to keep this litigation in this Court.").

7    Accordingly, the private law factors militate in favor of dismissal for

8    forum non conveniens.

9    ## 2.    **Public Interest Factors**

10    "Public interest factors encompass court congestion, the local interest in

11    resolving the controversy, and the preference for having a forum apply a law with

12    which it is familiar." *Moss*, 2007 U.S. Dist. Lexis 83975 at *9, quoting *Contact*

13    *Lumber*, 918 F.2d at 1452. These factors also support an order granting Defendants'

14    dismissal motion.

15    Here, California has no material interest to protect. The plaintiff is a

16    citizen of Japan, Antara is a Delaware corporation, Labgold resides in Virginia, and

17    Ichinotsubo resides in Hawaii. Japan has a much stronger interest in this dispute due

18    to the fact that Ohkubo is a Japanese citizen and Tokyo was the pre-selected forum for

19    a dispute. Additionally, the Investment Contract was formed in Japan in the Japanese

20    language and the alleged events at issue occurred within that forum. *See, e.g., Gilbert*,

21    330 U.S. at 508-09 ("Jury duty is a burden that ought not to be imposed upon the

22    people of a community which has no relation to the litigation."); *Moss*, 2007 U.S.

23    Dist. Lexis 83975 at *9 ("Canadian courts have an interest in resolving Canadian-law

24    claims."). Further, as noted above, Japanese courts are familiar with Japanese law and

25    are fluent in the Japanese language; U.S. courts are not. See, e.g., *Skvortsov*, 441 F.

26    Supp. 2d at 619 ("Russia is the forum with the most significant contacts with and the

27    greatest interest in the adjudication of this case. The contracts regarding the disputed

28    rights at issue were negotiated in Russia by Russian parties.') (citations and internal

10

1    quotation omitted).

2          Consequently, the balance of factors clearly tips the scale in favor of

3    dismissing this case for forum non conveniens.

4    **V.     CONCLUSION**

5          For all the foregoing reasons, Defendants' motion to dismiss should be

6    granted.

     DATED:  February 19, 2008      KURT OSENBAUGH
7                                     **WESTON, BENSHOOF, ROCHEFORT,**
                                       **RUBALCAVA & MacCUISH LLP**
8

9
                                     _____
10                                             /s/
                                     Kurt Osenbaugh
11                                   Attorneys for Defendants
                                     ANTARA BIOSCIENCES, INC., MARC R.
12                                   LABGOLD and DANA ICHINOTSUBO

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE

I, Melinda Montero, declare:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Weston, Benshoof, Rochefort, Rubalcava & MacCuish LLP, 333 South Hope Street, Sixteenth Floor, Los Angeles, CA 90071. I am over the age of eighteen years and not a party to the action in which this service is made.

On February 19, 2008, I served the document(s) described as **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT** on the interested parties in this action by enclosing the document(s) in a sealed envelope addressed as follows:

☑ BY MAIL: I am "readily familiar" with this firm's practice for the collection and the processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, the correspondence would be deposited with the United States Postal Service at 333 South Hope Street, Los Angeles, California 90071 with postage thereon fully prepaid the same day on which the correspondence was placed for collection and mailing at the firm. Following ordinary business practices, I placed for collection and mailing with the United States Postal Service such envelope at Weston, Benshoof, Rochefort, Rubalcava & MacCuish LLP, 333 South Hope Street, Los Angeles, California 90071.

☐ BY FEDERAL EXPRESS    ☐ UPS NEXT DAY AIR    ☐ OVERNIGHT DELIVERY: I deposited such envelope in a facility regularly maintained by ☐ FEDERAL EXPRESS    ☐ UPS    ☐ Overnight Delivery [specify name of service: ] with delivery fees fully provided for or delivered the envelope to a courier or driver of ☐ FEDERAL EXPRESS    ☐ UPS    ☐ OVERNIGHT DELIVERY [specify name of service:] authorized to receive documents at Weston, Benshoof, Rochefort, Rubalcava & MacCuish LLP, 333 South Hope Street, Los Angeles, California 90071 with delivery fees fully provided for.

☐ BY FACSIMILE: I telecopied a copy of said document(s) to the following addressee(s) at the following number(s) in accordance with the written confirmation of counsel in this action.

☐ BY ELECTRONIC MAIL TRANSMISSION WITH ATTACHMENT: On this date, I transmitted the above-mentioned document by electronic mail transmission with attachment to the parties at the electronic mail transmission address set forth on the attached service list.

☑ BY ELECTRONIC MAIL: I transmitted the documents listed above, electronically, via the U.S.D.C. CM/ECF website as indicated on the attached service list.

☐ [Federal]    I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 19, 2008, at Los Angeles, California.

Melinda Montero

**Izumi Ohkubo v. Antara Biosciences, Inc., et al.**
**United States District Court Northern District, San Jose Division**
**Case No. C07 06354 JW**

### SERVICE LIST

| | |
|---|---|
| Nathan Lane III, Esq. | Attorneys for Plaintiff |
| Joseph A. Meekes, Esq. | IZUMI OHKUBO |
| SQUIRE, SANDERS & DEMPSEY L.L.P. | |
| One Maritime Plaza, Suite 300 | |
| San Francisco, CA  94111-3492 | |
| Telephone:  (415) 954-0200 | |
| Facsimile:   (415) 393-9887 | |
| Email:       NLane@ssd.com | |
|                     JMeekes@ssd.com | |