KURT OSENBAUGH (State Bar No. 106132)
**WESTON, BENSHOOF, ROCHEFORT,
  RUBALCAVA & MacCUISH LLP**
333 South Hope Street
Sixteenth Floor
Los Angeles, California 90071
Telephone: (213) 576-1000
Facsimile: (213) 576-1100
Email: kosenbaugh@wbcounsel.com

Attorneys for Defendants
ANTARA BIOSCIENCES, INC.,
MARC R. LABGOLD and DANA ICHINOTSUBO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IZUMI OHKUBO,<br><br>    Plaintiff,<br><br>v.<br><br>ANTARA BIOSCIENCES, INC.<br>MARC R. LABGOLD AND DANA<br>ICHINOTSUBO,<br><br>    Defendants. | Case No.: C07 06354 JW<br><br>**DECLARATION OF DEFENDANT, DANA ICHINOTSUBO IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COMPLAINT**<br><br>Date: April 7, 2008<br>Time: 9:00 a.m.<br><br>    Honorable James Ware<br>    Courtroom 8<br><br>[Notice of Motion and Motion to Dismiss Complaint, [Proposed] Order, Certification of Interested Entities or Persons, and Declaration of Marc R. Labgold, Ph.D., filed concurrently herewith]<br><br>Complaint Filed:   December 14, 2007 |

---

1122147.1   DECLARATION OF DANA ICHINOTSUBO

I, Dana Ichinotsubo, do hereby declare as follows:

1. I have personal knowledge of the facts set forth herein and could competently testify if required to do so.

2. I make this declaration in support of the motion to dismiss filed by Defendants, Antara Biosciences, Inc. ("Antara"), Marc R. Labgold, Ph.D. ("Labgold"), and myself (collectively, "Defendants"), against plaintiff, Izumi Ohkubo ("Ohkubo").

3. I am a citizen and resident of the State of Hawaii. I also am an officer and director of Antara and K.K. Eurus Genomics ("Eurus"), which is located in Tokyo Japan.

4. It is my understanding that Ohkubo is a Japanese citizen and resident.

5. It is my understanding that Toshiaki Suzuki ("Suzuki") is a Japanese citizen and resident. He is an officer, director and/or shareholder of Genesys Technologies Inc., a Japanese corporation.

6. In early 2006, Labgold and I were introduced to Ohkubo by Suzuki. That meeting took place in Ohkubo's offices in Tokyo Japan. Suzuki had previously discussed with Ohkubo the possible investment in Antara and he solicited Ohkubo's investment. I have no direct knowledge of what they discussed or what statements or representations were made by Suzuki to Ohkubo. Suzuki was not authorized to make any representations or statements on behalf of either Antara or Eurus and he was not Antara's or Eurus' agent. Instead, Suzuki was working on a commission basis. Labgold and I learned, from Suzuki, of Ohkubo's intent to invest in Antara and at that time we were invited to meet Ohkubo personally in Japan.

7. Ohkubo signed the Investment Contract with Antara and Eurus in or around March 2006 in Japan. As Ex. C to Ohkubo's complaint shows, the original executed Contract was in the Japanese language. To the best of my knowledge, Ohkubo executed the Investment Contract in Japan and wired his investment funds from Japan.

1

DECLARATION OF DANA ICHINOTSUBO

1122147.1

8. On or about December 26, 2006, Ohkubo *et al.* filed suit against Eurus in the Tokyo District Court, Tokyo, Japan. That suit is premised upon the same Investment Contract, facts and circumstances, and seeks, among other things, to have Eurus repurchase his shares in Antara. It is my understanding that on or about April 13, 2007, the Tokyo Court entered a preliminary finding that Eurus repurchase the Antara shares and return to Ohkubo *et al.* JP¥190,000,000. The case is currently pending in the Japanese court.

9. In the event that the case before this Court is dismissed, I hereby agree to submit to the jurisdiction of the Tokyo District Court for an action brought against me by Ohkubo.

10. As the Chairman of Antara's Board of Directors, I have been authorized to represent that Antara will submit to the jurisdiction of the Tokyo District Court if Ohkubo were to bring a corresponding action against Antara in the Tokyo District Court.

11. Critical relevant evidence is located in Japan. In particular, a key witness and central figure to the alleged acts, Suzuki, and his corporation, Genesys, are located in Japan and outside the inherent jurisdiction of this Court. Defendants would be significantly disadvantaged by not having the ability to bring this witness forward or compel his production of relevant information. In marked contrast, evidence required from the named Defendants will be within the Japanese court's jurisdiction.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on February __, 2008, at _____, _____.

*[signature]*
_____
Dana Ichinotsubo

## PROOF OF SERVICE

I, Melinda Montero, declare:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Weston, Benshoof, Rochefort, Rubalcava & MacCuish LLP, 333 South Hope Street, Sixteenth Floor, Los Angeles, CA 90071. I am over the age of eighteen years and not a party to the action in which this service is made.

On February 19, 2008, I served the document(s) described as **DECLARATION OF DEFENDANT, DANA ICHINOTSUBO IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COMPLAINT** on the interested parties in this action by enclosing the document(s) in a sealed envelope addressed as follows:

☑ BY MAIL: I am "readily familiar" with this firm's practice for the collection and the processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, the correspondence would be deposited with the United States Postal Service at 333 South Hope Street, Los Angeles, California 90071 with postage thereon fully prepaid the same day on which the correspondence was placed for collection and mailing at the firm. Following ordinary business practices, I placed for collection and mailing with the United States Postal Service such envelope at Weston, Benshoof, Rochefort, Rubalcava & MacCuish LLP, 333 South Hope Street, Los Angeles, California 90071.

☐ BY FEDERAL EXPRESS    ☐ UPS NEXT DAY AIR    ☐ OVERNIGHT DELIVERY: I deposited such envelope in a facility regularly maintained by ☐ FEDERAL EXPRESS    ☐ UPS    ☐ Overnight Delivery [specify name of service: ] with delivery fees fully provided for or delivered the envelope to a courier or driver of    ☐ FEDERAL EXPRESS    ☐ UPS    ☐ OVERNIGHT DELIVERY [specify name of service:] authorized to receive documents at Weston, Benshoof, Rochefort, Rubalcava & MacCuish LLP, 333 South Hope Street, Los Angeles, California 90071 with delivery fees fully provided for.

☐ BY FACSIMILE: I telecopied a copy of said document(s) to the following addressee(s) at the following number(s) in accordance with the written confirmation of counsel in this action.

☐ BY ELECTRONIC MAIL TRANSMISSION WITH ATTACHMENT: On this date, I transmitted the above-mentioned document by electronic mail transmission with attachment to the parties at the electronic mail transmission address set forth on the attached service list.

☑ BY ELECTRONIC MAIL: I transmitted the documents listed above, electronically, via the U.S.D.C. CM/ECF website as indicated on the attached service list.

☐ [Federal]    I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 19, 2008, at Los Angeles, California.

_____
Melinda Montero

1122147.1

**Izumi Ohkubo v. Antara Biosciences, Inc., et al.**
**United States District Court Northern District, San Jose Division**
**Case No. C07 06354 JW**

## SERVICE LIST

Nathan Lane III, Esq.  　　　　　　　　　Attorneys for Plaintiff
Joseph A. Meekes, Esq.  　　　　　　　　IZUMI OHKUBO
SQUIRE, SANDERS & DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA  94111-3492
Telephone:  (415) 954-0200
Facsimile:  (415) 393-9887
Email:     NLane@ssd.com
           JMeekes@ssd.com

1122147.1