Squire, Sanders & Dempsey L.L.P.
Nathan Lane III (State Bar # 50961)
Joseph A. Meckes (State Bar # 190279)
One Maritime Plaza, Suite 300
San Francisco, California 94111-3492
Telephone: +1.415.954.0200
Facsimile: +1.415.393.9887
Email:    NLane@ssd.com
          JMeckes@ssd.com

Attorneys for Plaintiff
IZUMI OHKUBO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IZUMI OHKUBO,<br><br>        Plaintiff,<br><br>   vs.<br><br>ANTARA BIOSCIENCES, INC.,<br>MARC R. LABGOLD and DANA<br>ICHNOTSUBO,<br><br>        Defendants. | Case No. C07 06354 JW<br><br>**DECLARATION OF KENICHIRO KAWADA** |

I, Kenichiro Kawada, declare as follows:

1. I am an attorney at law admitted to practice in Japan (a "bengoshi" in Japanese). I graduated from the Legal Training and Research Institute in 2003 and am registered with the Japan Federation of Bar Associations. I am associated with the Tokyo office of Squire, Sanders & Dempsey L.L.P. I am making this declaration based on my own personal knowledge and, if called upon to do so, could and would testify as set forth herein.

2. I am one of the lawyers representing Izumi Ohkubo in a lawsuit pending in the Tokyo District Court, captioned Izumi Ohkubo, et al. vs. Eurus Japan ("*Kabushiki Kaisha* Eurus Genomics", hereinafter "Eurus Japan"), *Heisei* 18 (2006) (*wa*) No. 29516. This lawsuit was originally filed in 2006 and is well advanced. As is customary in Japanese litigation, the case has involved one (1) hearing ("*Koto Benron*" in Japanese) and eight (8) preparatory hearings

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

DECLARATION OF KENICHIRO KAWADA
Case No. C07 06354 JW

1   ("*Benron Jyunbi Tetsuzuki*" in Japanese) attended by the lawyers for the parties.  In connection
2   with the hearing and the preparatory hearings, the lawyers submitted briefs and evidence in
3   support of the positions of their respective clients.  At the most recent preparatory hearing in the
4   case, held on March 10, 2008, Hon. Akiyo Fukui, the judge handling the case, advised the parties
5   that she would probably hold one or two more preparatory hearings, after which a hearing would
6   be held for examination of witnesses if necessary.  Based on this advice of the judge and my
7   experience as an attorney admitted to practice in Japan, I expect that a final hearing would be held
8   around September 2008, after which the case would be submitted for decision by the court, with a
9   decision likely by the end of 2008.

10       3.    In the Tokyo District Court case, defendant Eurus Japan has taken positions that
11  appear to me to differ substantially from the positions now taken by Antara Biosciences, Inc.,
12  Marc R. Labgold and Dana Ichinotsubo in their Motion to Dismiss Complaint in *Ohkubo v.*
13  *Antara Biosciences, Inc.* ("Motion"), which I have personally reviewed.

14       4.    In the Motion, I understand that the defendants claim that the case pending in the
15  U.S. should be litigated in Japan and cite a clause in the Investment Contract attached as Exhibit
16  C to the complaint in support of their position.  In contrast, Eurus Japan seems to have taken the
17  position in the Tokyo District Court case that not all provisions of the Investment Contract are
18  enforceable.   In particular, Eurus Japan has never suggested to the Tokyo District Court that
19  Article 9 of the Investment Contract was an enforceable provision that required Mr. Ohkubo to
20  litigate his claims against Antara and Messrs. Ichinotsubo and Labgold only in Japan.  Indeed, in
21  an official presentation to the court on March 10, 2008 in the Tokyo District Court Action, Eurus
22  Japan advised the court that requested information about Antara could only be made available in
23  the U.S. litigation pursuant to confidentiality obligations to be undertaken by the parties in the
24  U.S. litigation.  Consequently, Eurus Japan refused to provide the requested information because
25  issues relating to that information could only be addressed between the parties in the U.S.
26  litigation pending in this Court.

27       5.    As part of their evidence filed in the Tokyo District Court, Eurus Japan submitted
28  an Advisory Agreement entered into on April 17, 2006, by and between Antara Biosciences, Inc.

-2-

**SQUIRE, SANDERS &**
**DEMPSEY L.L.P.**
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

DECLARATION OF KENICHIRO KAWADA
Case No. C07 06354 JW

and JAIC Securities Co., Ltd.  Article 6 of that agreement provides:

> This Agreement shall be governed by, and construed in accordance with the laws of Japan.  The Tokyo District Court shall have exclusive jurisdiction over any and all disputes arising in connection with this Agreement.

A true and correct copy of this agreement is attached hereto as Exhibit A.

6. I understand from the Motion that the three defendants purport to agree to submit to jurisdiction in Japan if Mr. Ohkubo were to file a lawsuit against them there.  If such a lawsuit were filed, jurisdiction could not be obtained over the defendants unless the complaint was properly served upon them.  This would require first that a complaint be prepared in conformity with Japanese substantive and procedural requirements, that the complaint be translated into English and then delivered to the defendants in accordance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, to which both the United States and Japan are parties.  Based on the authoritative work of reference titled "Procedure Manual of International Judicial Assistance regarding Civil Case" ("*Minji Jiken Ni Kansuru Kokusai Shiho Kyojyo Tetsuzuki Manual*" in Japanese) published under the editorship of Civil Affairs Bureau of General Secretariat of the Supreme Court of Japan and my personal knowledge of how long it would take to prepare and file a proper Japanese complaint against the defendants in the case here, I estimate that service of process would not be made until at least four (4) months from the time preparation of a complaint began.  Only after the complaint has been served and the defendants have appeared in the Tokyo District Court would it be possible to consider whether the pending case against Eurus Japan could somehow be coordinated or consolidated with a case against Antara and Messrs. Labgold and Ichinotsubo.  I believe it would be most unlikely that any such coordination or consolidation would occur.  First, the Tokyo District Court case against Eurus Japan is almost completed and may well be finished before any hearing in a new case against Antara and the individuals.  Second, consolidation or coordination is by no means automatic in the Tokyo District Court, and in this case where Antara and the individual defendants are apparently taking very different positions from Eurus Japan, I doubt that the Tokyo District Court would order coordination or consolidation.

7.     If, as the defendants appear to consider likely in the Motion, a judgment is entered by the Tokyo District Court requiring Eurus Japan to repurchase Mr. Ohkubo's shares, that judgment is likely to be worthless. At a preparatory hearing in the Tokyo District Court on May 21, 2007, attorneys for Eurus Japan advised the court that Eurus Japan did not have sufficient assets to pay any judgment or repurchase Mr. Ohkubo's shares.

8.     If a judgment is entered against Antara, Dr. Labgold and/or Mr. Ichinotsubo in the Tokyo District Court, that judgment could not be enforced in Japan against any defendant unless that defendant has assets in Japan. I know of no assets belonging to the defendants in Japan. Therefore, to enforce a Japanese judgment, I understand that a new proceeding would need to be brought against those parties in the United States, a judgment obtained in that country and the defendants' assets located and executed upon before Mr. Ohkubo could recover the amount of a Japanese judgment.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 23, 2008 at Tokyo, Japan.

_____/s/_____
Kenichiro Kawada

Attestation of Conformed Signature

I hereby attest that my firm Squire, Sanders and Dempsey L.L.P. has on file all holograph signatures for any signatures indicated by a "conformed" signature (/s/) within this efiled document.

_____/s/_____
Joseph A. Meckes

---

**SQUIRE, SANDERS & DEMPSEY L.L.P.**
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

-4-
DECLARATION OF KENICHIRO KAWADA
Case No. C07 06354 JW