副本

乙第 3 号証

# ADVISORY AGREEMENT

This Advisory Agreement (this "**Agreement**") is made on this April 17th, day of April, 2006 by and between ANTARA BioSciences Inc. ("**ANTARA**"), a Delaware corporation, having its office at 1288 Pear Avenue, Mountain View, CA 94043-1432, U.S.A. and JAIC Securities Co., Ltd. ("**JAIC**"), a Japanese corporation, having its office at Akasaka Toho Bldg 8F, 2-5-1 Akasaka, Minato-ku, Tokyo 107-0052, Japan. ANTARA and JAIC are hereinafter referred to as the "**Parties**" and each a "**Party**".

WHEREAS

ANTARA desires to issue and sell non-voting ("Class B") common shares (the "**Shares**") through private placement (the "**Private Placement**") to potential purchasers introduced by JAIC, and JAIC, subject to the terms and conditions set out in this Agreement, desires to advise and introduce potential purchasers of the Shares to ANTARA.

ANTARA presently intends to pursue an initial public offering within the United States, the timing or certainty of which is not known or knowable to either Party.

NOW IT IS HEREBY AGREED as follows:

**Article 1    Advisory Service**

Subject to the terms and conditions of this Agreement, JAIC shall provide ANTARA with advisory services to assist the Private Placement. ANTARA hereby appoints JAIC as its advisor in connection with the Private Placement, and JAIC hereby accepts such appointment. JAIC agrees to use its best efforts to introduce to ANTARA the potential purchasers who may agree to purchase the Shares (the "**Potential Purchasers**"). Notwithstanding the foregoing, the services that JAIC provides shall be limited to the intermediation between ANTARA and the Potential Purchasers and ANTARA shall have sole responsibility to explain ANTARA's proposed business plan and the attendant and related risks with regard to the Private Placement to the Potential Purchasers. JAIC is an independent advisor and shall not perform as an agent, fiduciary or trustee of ANTARA.

It is understood by the Parties that JAIC does not have a required license to conduct an investment banking business in the United States or under the United States Securities Acts. Thus, JAIC shall not procure any Potential Purchasers for the shares of ANTARA in or under the jurisdiction of the United States.

Subject to the terms and conditions of this Agreement, ANTARA agrees to issue and sell the Shares to purchasers under terms and conditions that are acceptable to ANTARA (the "**Purchasers**"). ANTARA shall have sole discretion as to what constitutes acceptable terms and conditions and/or whether to consummate any particular sale of Shares to a Purchaser. Such terms and conditions include, *inter alia*, price, restrictions upon sale or transfer of the shares, restrictions of rights conveyed to Purchaser, provided that all such terms or conditions shall comply with all applicable laws.

Article 2    Commission, Success Fee and Expenses

(a) ANTARA agrees to issue and sell the Shares to the Purchasers and agrees to pay JAIC a commission at the rate of four percent (4%) of the aggregate sale price for the portion up to US$10million and six percent (6%) of the aggregate sale price for the portion over US$10million (the "**Commission**") for all Shares to be actually issued and sold to the Purchasers as compensation for the services to be rendered by JAIC hereunder.

(b) If ANTARA implements the IPO, ANTARA agrees to pay JAIC three percent (3%) of the initial offering price for all Shares to be actually issued and sold to the Purchasers (the "**Success Fee**").

(c) ANTARA represents that it is contractually obligated to use its best efforts to ensure that shares in the Company are not sold to its licensor's direct competitors. JAIC agrees to provide ANTARA with notice (via email) of the identity of each Purchaser prior to consummation of any sale of shares. ANTARA agrees to review each proposal and provide its approval, or indicate its disapproval, (via email) within forty-eight (48) hours of receipt of said notice. ANTARA represents that said approval will not be unreasonably withheld. ANTARA agrees to maintain the identity of each Purchaser confidential unless otherwise required by law to disclose such information.

(d) Each party shall bear all costs and expenses of its own including but not limited to the costs for traveling and communication without prejudice.

Article 3    Settlement

Within thirty (30) days of the Settlement Date and the date of IPO, ANTARA shall pay the Commission and the Success Fee to JAIC by wire transfer in US dollar-denominated funds to the account of JAIC Securities Co., Ltd. at Tokyo Mitsubishi Bank, Shimbashi Branch, Ordinary Account No. 5019726. All amounts payable by ANTARA under this Agreement shall be paid in immediately available funds in US dollars, without setoff and without deduction for any withholding, value-added or other similar taxes, charges, fees or assessments, unless ANTARA is required by applicable law to make payment subject to the deduction or withholding of tax.

Article 4    Representations, Warranties and Covenants by the Parties

Parties hereby make each other the representations, warranties and covenants set forth below:

(a) The Parties have been duly incorporated, organized, and are validly existing and in good standing as a corporation under the laws of their respective states of incorporation to conduct the business intended under this Agreement.

(b) The execution, delivery and performance of this Agreement by the Parties do not contravene:

(i) their constitutional documents;

      (ii)    any agreement or contract to which either Party is a party or by which it or its assets is bound; or

      (iii)    any law to which the Parties are subject.

(c) Neither party represents, warrants or otherwise guarantees the success, performance or outcome of the investments facilitated by this Agreement, and hereby agrees that they will not make any representation, warranty or guarantee of success or particular outcome to any Purchaser.

### Article 5    Survival

The representations, warranties, and confidentiality in this Agreement shall continue in full force and effect despite any completion or termination of the arrangement for the issue, sale and purchase of the Shares under this Agreement.

### Article 6    Governing Law

This Agreement shall be governed by, and construed in accordance with, the laws of Japan. The Tokyo District Court shall have exclusive jurisdiction over any and all disputes arising in connection with this Agreement.

### Article 7    Confidentiality

Except as may be required by applicable law or regulations, a Party may not publicly disclose to any third party or otherwise publicly refer to the transactions contemplated by this Agreement without the prior written consent of the other Party. Further, JAIC shall not disclose any proprietary information related to or possessed by ANTARA without written consent by ANTARA until it is publicly disclosed with no fault or omission by JAIC.

### Article 8    Notices

All statements, requests, notices and agreements hereunder shall be in writing and shall be delivered or sent by email or facsimile transmission.

If to ANTARA:

500 Ala Moana Blvd, Suite 3-405
Honolulu, Hawaii 96814
E-mail Address: Drlabgold@aol.com
Facsimile Number: (808) 595-8773
Attention: Dr. Marc Labgold

If to JAIC:
Akasaka Toho Bldg 8F, 2-5-1 Akasaka,
Minato-ku, Tokyo 107-0052 Japan
E-mail Address:    naoyuki-suzuki@jaic-sec.co.jp
Facsimile Number:    +81-3-3568-8250
Attention:    Naoyuki Suzuki, President

IN WITNESS WHEREOF, ANTARA and JAIC have caused their duly authorized representatives to execute two originals of this Agreement on the date first above stated, and each party shall keep one original thereof.

ANTARA BIOSCIENCES INC.

Name: Marc Labgold
Title: Chief Executive Officer

JAIC SECURITIES CO., LTD.

Name: Naoyuki Suzuki
Title: President