1  MICHAEL J. HARTLEY (State Bar No. 189375)
   MACKENZIE E. HUNT (State Bar No. 251127)
2  **WESTON, BENSHOOF, ROCHEFORT,**
      **RUBALCAVA & MacCUISH LLP**
3  333 South Hope Street
   Sixteenth Floor
4  Los Angeles, California  90071
   Telephone:  (213) 576-1000
5  Facsimile:  (213) 576-1100
   Email:  mhartley@wbcounsel.com
6  Email:  mhunt@wbcounsel.com

7  Attorneys for Defendants
   ANTARA BIOSCIENCES, INC.
8  MARC R. LABGOLD and DANA ICHINOTSUBO

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IZUMI OHKUBO,<br><br>            Plaintiff,<br><br>    v.<br><br>ANTARA BIOSCIENCES, INC.<br>MARC R. LABGOLD AND DANA<br>ICHINOTSUBO,<br><br>            Defendants. | Case No.: C07 06354 JW<br><br>**DECLARATION OF TAKAAKI NAGASHIMA**<br><br>Date: April 14, 2008<br>Time: 9:00am<br><br>        Honorable James Ware<br>        Courtoom 8<br><br>[Reply brief filed concurrently herewith]<br><br>Complaint Filed:   December 14, 2007 |

---

DECLARATION OF TAKAAKI NAGASHIMA

1166771.1

## DECLARATION OF TAKAAKI NAGASHIMA

I, TAKAAKI NAGASHIMA, hereby declare as follows:

1.      I am a Japanese attorney-at-law who is authorized to practice before the Japanese courts. I am a partner in the law firm of Nagashima & Hashimoto, Hirakawa-cho KS Building 2nd Floor, 2-4-14 Hirakawa-cho, Chiyoda-ku, Tokyo 102-0093. I am a member of the Japan Federation of Bar Associations, the Tokyo Bar Association (Dai-ni Tokyo) (admitted 1973), the District of Columbia Bar (admitted 1978) and the New York Bar (admitted 1979).

2.      I am a graduate of Chuo University (LLB, 1968), Legal Training and Research Institute of the Supreme Court of Japan (1973), and George Washington University (MCL in American Practice, 1976). I attended the graduate school of Research Center for Social Science at Tokyo Metropolitan University (1968-1971).

3.      I have been practicing as an attorney in Japan for the past thirty five years and I have specialized, among others, in the area of litigation and drafting contracts. I have full knowledge of court decisions, statutes and regulations of Japan concerning representation of the clients, and have also assisted numerous clients who have become party to litigation in the United States and thus have often been involved in procedures in the US litigation.

4.      I have been asked by Defendants' counsel to discuss the interpretation of the governing forum clause contained in a Japanese-language Investment Agreement dated February 28, 2006 (the "Agreement") entered into by and among Plaintiff Izumi Ohkubo, who has filed the present suit in California, Defendant Antara Biosciences, Inc. ("Antara") and Eurus Genomics, Inc.

5. As Plaintiff Ohkubo has acknowledged, the place of negotiation of the Agreement, the place of execution of the Agreement, the place of the investment, and the place of delivery of the shares in question to Plaintiff Ohkubo were all Japan. The Agreement itself is written in Japanese. In addition, Plaintiff Ohkubo has already instituted litigation in Japan regarding this matter (Tokyo District Court, 2006 (Wa) No.

1164105.2

29516) (the "Japanese Litigation") in which I am the lead counsel. In the Japanese Litigation Plaintiff Ohkubo has admitted that he does not understand English and was induced to invest through a solicitation, made in Japanese, by a Mr. Suzuki. Accordingly, in the present case, all contacts and evidence are entirely and solely Japanese.

6. Section 9 of the Agreement states that "[t]he Tokyo District Court shall be the court of jurisdiction for any lawsuits relating to the Agreement"

7. Numerous Court cases in Japan have found forum selection clauses like this one as providing for an exclusive forum. *See, e.g.,* Judgment of the Sapporo High Court, August 31, 1987 (653 *Hanrei Times* 170; Judgment of the Tokyo High Court, November 25, 1976 (27 *Kaminshu* 786); and Judgment of the Sapporo High Court, July 7, 1987 (653 *Hanrei Times* 174). In the present case, where Plaintiff Ohkubo has no contacts with the U.S., and where accepting U.S. jurisdiction would result in substantially greater financial costs to him, there are no special circumstances that would warrant overturning the presumption of exclusive jurisdiction.

8. Considering the above court decisions, the parties' explicit inclusion of reference only to jurisdiction of the Tokyo District Court in the Agreement, and the preponderance of contacts with Japan and the scarcity of contacts with the U.S., exclusive jurisdiction of the Tokyo District Court is the only logical conclusion in the current case.

///

///

///

1164105.2

1  I declare under the penalty of perjury under the laws of the United States of
2  America that the foregoing is true and correct.

Executed on March 28, 2008.

Tokyo, Japan                          Takaaki Nagashima

1  <u>Attestation of Conformed Signatures</u>

2  I hereby attest that my firm Weston, Benshoof, Rochefort, Rubalcava & MacCuish LLP has

3  on file all holograph signatures for any signatures indicated by a "conformed" signature (/s/)

4  within this efiled document.

                                                            /s/
                                                    _____
                                                    Michael J. Hartley

1164105.2