Squire, Sanders & Dempsey L.L.P.
Nathan Lane III (State Bar # 50961)
Joseph A. Meckes (State Bar # 190279)
One Maritime Plaza, Suite 300
San Francisco, California  94111-3492
Telephone:  +1.415.954.0200
Facsimile:  +1.415.393.9887
Email:      NLane@ssd.com
            JMeckes@ssd.com

Attorneys for Plaintiff
IZUMI OHKUBO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IZUMI OHKUBO,<br><br>    Plaintiff,<br><br>    vs.<br><br>ANTARA BIOSCIENCES, INC., MARC R. LABGOLD and DANA ICHINOTSUBO,<br><br>    Defendants. | Case No. C07 06354 JW<br><br>**MOTION FOR ADMINISTRATIVE RELIEF; REQUEST TO FILE SUR-REPLY AND OBJECTIONS TO EVIDENCE PRESENTED IN REPLY BRIEF**<br>Civ. L. R. 7-11<br><br>Judge:  Hon. James Ware |

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA  94111-3492

Motion for Administrative Relief Re Sur-Reply
Case No. C07 06354 JW

## I. INTRODUCTION

In Defendants' Reply Brief in Support of their Motion to Dismiss Plaintiff Izumi Ohkubo's Complaint, Defendants present numerous unsupported factual assertions and new arguments not found in their Opening Brief. To briefly address these issues, Mr. Ohkubo respectfully requests that the Court permit Mr. Ohkubo to file the attached 5 and one-half page Sur-Reply and Objections to Evidence (attached hereto as Exhibit A), the attached Rebuttal Declaration of Izumi Ohkubo (attached hereto as Exhibit B) and the Declaration of Miharu Furihata (attached hereto as Exhibit C), which, together constitute less than eight pages of text. Counsel for Mr. Ohkubo requested that Defendants stipulate to this MAR, but Defendants refused. Declaration of Joseph A. Meckes ("Meckes MAR Decl.") at ¶8 submitted herewith

## II. THERE IS GOOD CAUSE FOR THE COURT TO CONSIDER MR. OHKUBO'S SUR-REPLY

Defendant's Memorandum of Points and Authorities in support of their Motion to Dismiss was approximately 10 and a half pages long and contained virtually no facts to support dismissal for improper venue or *forum non conveniens*, as Defendants requested. Meckes MAR Decl. at ¶2 submitted herewith. Although Defendants argued that the parties' agreement contained a mandatory forum selection provision, they did not explain how this provision (which provides solely for jurisdiction) can be considered mandatory under applicable Ninth Circuit law (which required forum selection provisions to contain clear language indicating exclusivity). *Id.* at ¶3. Moreover, Defendants argued that the Court should dismiss under the doctrine of *forum non conveniens* because there "critical" evidence was located in Japan but made no effort to describe the nature of the alleged evidence or to explain why it was critical. *Id.* at ¶4.

After receiving Mr. Ohkubo's Opposition Memorandum, Defendants have set out to cure these deficiencies, primarily by making factual assertions and arguments that should have been made in their Opening Brief, if at all. *Id.* at ¶5. Defendants provide no evidentiary support for most of their factual assertions, many of which are contradicted by documents Defendants themselves created or by the very pleadings Defendants cite. *Id.* at ¶6. In a footnote, Defendants also apparently challenge the authenticity of the Investment Contract by claiming that there is a

-1-

"actual" contract between the parties that is different from the Investment Agreement that they are relying on in support of their Motion--but without providing the Court a copy of this alleged "actual" agreement. *Id.* at 7.

In his proposed Sur-Reply, Mr. Ohkubo limits his brief discussion to five matters: (1) Defendants' new, unsupported factual contention that someone other than Defendants drafted the parties' Investment Contract, (2) Defendants' new argument that Article 9 of the Investment Contract contains language making it a mandatory forum selection clause, (3) Defendants' new argument and factual assertions why Toshiaki Suzuki is a critical witness, (4) Defendants new position that the "actual" contract between Mr. Ohkubo and the Defendants is not the same Investment Contract that they are relying on in support of their motion, and (5) Mr. Ohkubo's objections to various factually incorrect or unsupported assertions. Although there are numerous other new arguments that should have been presented by Defendants' in their Opening Brief, these core issues go to the heart of Defendants' Motion and could have been easily addressed by Mr. Ohkubo in his Opposition Brief had Defendants not saved these facts and arguments for Reply.

Accordingly, for good cause shown, Mr. Ohkubo respectfully requests that the Court permit him to file the attached Sur-Reply and Objections, the Rebuttal Declaration of Izumi Ohkubo and the Declaration of Miharu Furihata. Mr. Ohkubo believes these documents contain information that will be essential to the Court in ruling on the pending Motion.

Dated: April 2, 2008                                   SQUIRE, SANDERS & DEMPSEY, L.L.P.


By: _____/s/_____
         Joseph A. Meckes

Attorneys for Plaintiff
IZUMI OHKUBO