1  Squire, Sanders & Dempsey L.L.P.
   Nathan Lane III (State Bar # 50961)
2  Joseph A. Meckes (State Bar # 190279)
   One Maritime Plaza, Suite 300
3  San Francisco, California  94111-3492
   Telephone:  +1.415.954.0200
4  Facsimile:  +1.415.393.9887
   Email:      NLane@ssd.com
5              JMeckes@ssd.com

6  Attorneys for Plaintiff
   IZUMI OHKUBO
7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                  SAN JOSE DIVISION

| | |
|---|---|
| 11  IZUMI OHKUBO, | Case No. C07 06354 JW |
| 12           Plaintiff, | **PLAINTIFF'S SUR-REPLY IN OPPOSITION TO MOTION TO DISMISS COMPLAINT AND OBJECTIONS TO UNSUPPORTED FACTUAL STATEMENTS** |
| 13      vs. | |
| 14  ANTARA BIOSCIENCES, INC., MARC R. LABGOLD and DANA ICHINOTSUBO, | |
| 15 | Date: April 14, 2008<br>Time: 9 a.m. |
| 16           Defendants. | Judge: Hon. James Ware |

## I. INTRODUCTION

In Defendants' Reply in Support of Defendants' Motion to Dismiss ("Reply"), Defendants rely on unsupported factual statements, inaccurate characterizations of the existing factual record and on new arguments that Defendants should have made in their Opening Brief but did not. This Sur-Reply is submitted so that the Court's determination of Defendants' motion is based on an accurate record and not on unsupported factual assertions or hyperbole.

## II. ARGUMENT

### A. Any Ambiguities in the Investment Contract Must Be Construed Against Defendants

#### 1. One or More of the Defendants Drafted the Investment Contract

In their Opening Brief, Defendants said nothing about who drafted the Investment Contract or about why Mr. Suzuki should be considered an important witness. Now, faced with Mr. Ohkubo's statement under penalty of perjury that he did not draft the Investment Contract (Ohkubo Opp. Decl. ¶4) and the legal consequences that flow from one or more of the Defendants having drafting of the agreement on behalf of Antara, Defendants assert for the first time that the Investment Contract was "drafted in Japanese (by Suzuki)." Reply at 3:5; 5:3-4. They offer no factual support for this allegation. Indeed, the evidence now available – from Mr. Ichinotsubo himself – belies defendants' assertion.

In response to an e-mail dated March 2, 2006, from Mr. Suzuki[1] to Dana Ichinotsubo commenting on the draft Investment Contract, Mr. Ichinotsubo wrote directly to Mr. Ohkubo apologizing for errors in the Investment Contract that Antara had drafted, stating:

> I understand there was a mistake in the Japanese Stock Agreement. I asked many things of Suzuki san and this mistake is 'not' his fault *it is my mistake.* I am sincerely very sorry for the mistake in the Agreement. We had a US - Japanese attorney review and translate in the states.

---

[1] Mr. Suzuki's e-mail, copied to Mr. Ohkubo, stated:
> There is a wrong expression in *your* draft agreement, I highlighted that part in blue/red.
> For all investor's peace of mind, I ask your attorney to check that document again.

Ohkubo Rebuttal Decl. Exh. A (emphasis added).

-6-

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

Plaintiff's Sur-Reply Brief in Opposition to Motion to Dismiss
Case No. C07 06354 JW

> I forwarded the Agreement to our Japan attorney, Mr. Yusuke Wakebe, of the law firm of Nagashima, Ohno & Tsunematsu to review the agreement. Mr. Wakebe will let me know as soon as possible.

Rebuttal Declaration of Izumi Ohkubo ("Ohkubo Rebuttal Decl.") at Exh. B (emphasis added). According to Mr. Ichinotsubo's own words to Mr. Ohkubo, Antara was not only responsible for drafting the Investment Contract, Mr. Ichinotsubo also made sure that *two sets of Antara's own attorneys* reviewed it before transmitting the final version to Mr. Ohkubo for his signature.

The *evidence* shows that the Defendants drafted the Investment Contract, not Mr. Suzuki. Defendants' contentions to the contrary, unsupported by any declarations (particularly from Dr. Labgold or Mr. Ichinotsubo, who submitted declarations with defendants' original papers), must be disregarded.

### 2. Japanese Language Original Does Not Include the Word "The"

In another argument not presented in their Opening Brief, Defendants engage in a lengthy discourse on the grammatical effect of the word "the" in Article 9 of the Investment Contract. They contend that the parties' use of this word proves that the parties intended the Tokyo District Court to have exclusive jurisdiction over Mr. Ohkubo's claims in the present action. Defendants, however, are basing their argument on an English word that was not present in the Japanese original.

Unlike English, the Japanese language does not contain articles, such as "the" or "a". Declaration of Miharu Furihata ¶3. Consequently, when Japanese is translated into English a translator will sometimes insert an article into the translation to make the English flow more naturally. *Id.* This involves the exercise of discretion by the translator, who will not necessarily have any knowledge about the background or context of the document being translated, so one translator may choose "a" while another would choose "the" as the appropriate article for the same Japanese phrase. *Id.* Here, the original Japanese language version of Article 9 of the Investment Contract does not contain the word "the" and reads literally in English: "The Tokyo District Court shall be court having jurisdiction over suit regarding this Memorandum." *Id.* ¶4. Nor does the Japanese original version of Investment Contract – in Article 9 or elsewhere –

-2-

contain any language stating or implying that the Tokyo District Court is the "only" or "exclusive" court having jurisdiction over the claims in this case. *Id.* ¶5. Indeed, when he signed the Investment Contract, Mr. Ohkubo did not understand or intend that Article 9 would give exclusive jurisdiction to the Tokyo District Court for all lawsuits relating to the agreement. Ohkubo Rebuttal Decl. ¶5.

### B. Defendants Offer No Proof Supporting Assertions that Suzuki is a Critical Witness

For the first time in Reply, Defendants try to explain why they consider Mr. Suzuki to be an important witness. Defendants, however, offer no evidence to support their claim that Mr. Suzuki is critical and instead rely solely on unsupported innuendo, hyperbole and false factual assertions. For example, Defendants assert, without support (and incorrectly, as the evidence submitted herewith shows) that Suzuki drafted the Investment Contract and provided it to Mr. Ohkubo. He did not. Ohkubo Rebuttal Decl. ¶2, Exhs A, B. Nor does Mr. Ohkubo believe that Mr. Suzuki was the author of the Investment Contract. He does not. *Id.* ¶2. Nor is Mr. Suzuki the supposed source of all the fraud alleged by Mr. Ohkubo. As noted above, Mr. Ohkubo received direct and forwarded e-mail communications authored by Mr. Ichinotsubo about the Investment Contract and Antara's capitalization, which are two primary sources of the alleged fraud. *Id.* ¶¶ 2-3.

Neither Mr. Ichinotsubo nor Dr. Labgold is apparently willing by declaration to adopt any of the factual averments that Defendants now make in their Reply. They do not deny that that Dr. Labgold signed the Investment Contract on behalf of Antara (Labgold Decl. ¶13), that Antara was quite willing to accept Mr. Ohkubo's money, that Mr. Ichinotsubo made representations to Mr. Ohkubo about Antara's capitalization (Cmplt. ¶12; Ohkubo Rebuttal Decl. ¶3, Ex. C), or that the Defendants did not draft or authorize the written materials attached to the Complaint (even though their counsel now belittles those materials as "amateurish"). There is simply no evidentiary support for Defendants' efforts to bolster their *forum non conveniens* argument by blaming Suzuki, whose testimony will, at best, be only marginally relevant to Mr. Ohkubo's claims.

### C. Because Defendants Are Disclaiming the Investment Contract, They Cannot Claim its Benefits

In paragraph 13 of his declaration filed in support of the motion to dismiss, Dr. Labgold stated that "there is no question that Antara is a signatory to the Investment Contract in question . . . ." Now, however, in a *footnote,* Defendants disclose that they apparently intend to disclaim the Investment Agreement. In footnote 3, Defendants state as follows:

> The "actual" contract was signed by Antara (and Eurus) in Japan. The authenticity of the document attached to Ohkubo's Complaint (Exh. C) **is in question**, but is not determinative of this motion.

Reply at 3 n.3 (emphasis added). By this footnote, Defendants are apparently signaling that they believe there is some other "'actual' contract" that is not the document attached to the Complaint as Exhibit C. They tell us nothing about what that "actual" contract is or whether it contained any provision at all providing for jurisdiction in Japan or some other place (e.g., the United States).

As the party seeking to enforce an agreement (here the forum selection clause), it is axiomatic that Defendants bear the burden of proving the existence of the contract. *See e.g., Walsh v. W. Valley Mission Comm. College,* 66 Cal. App. 3d 1532, 1545 (1999). This Court should not allow Defendants' here to embrace purported forum selection provision, on one hand, while disclaiming the Investment Contract on the other, leaving the Defendants free to argue in some other forum that the very agreement on which they urged the Court to rely is invalid or unenforceable. If there is some "actual contract" that they contend controls, they should not be permitted to hide it from the Court while seeking the benefits of some other contract that they contend is not authentic.

### III. PLAINTIFF OBJECTS TO DEFENDANTS' UNSUPPORTED FACTUAL STATEMENTS IN THE REPLY AND REQUESTS THAT THE COURT IGNORE THEM

Defendants make the following factual assertions in their Reply Brief for which there is no factual support:

///

//

| Unsupported or False Assertion in Reply Brief | Reply Brief Page / Line | Objection |
|---|---|---|
| "Ohkubo is one of the wealthiest men in Japan" | 1:2; 9:22-25 | No evidence |
| "Suzuki . . . was Ohkubo's sole contact on all things Antara . . ." | 1:10-11 | No evidence |
| "Ohkubo never spoke to, corresponded with, or probably even knew [California witnesses] existed until recently" | 1:12-13 | No evidence |
| Suzuki drafted the Investment Contract, not Antara. | 5:3-4, 10:3-6 | No evidence; contradicted by admission of defendant Ichinotsubo |
| Suzuki was Ohkubo's "representative" | 5:6-8 | No evidence; *see* Ohkubo Rebuttal Decl. Ex. B. |
| JAIC drafted agreement between JAIC and Antara | 5:12-13 | No evidence |
| Ohkubo is pursuing remedy for individual Defendants' fraud in Tokyo | 6:10-11 | No evidence |
| Ohkubo does not speak English | 7:25; 9:1-2; 9:24-25 | Mr. Ohkubo testifies that he has understanding of English Language. Ohkubo Rebuttal Decl. ¶6. |
| Ohkubo spoke or dealt only with Suzuki with regard to Antara and similar statements | 7:25-26; 8:1; 8:6-7 | No evidence; citations to Complaint incorrect, *see* Compl. para. 10-14; *see also* Labgold Decl.¶ 9 and Ichinotsubo Decl.¶6. |
| Ohkubo does not allege that any fraudulent information was provided to him by Antara, Labgold or Ichinotsubo" | 8:3-9 | Contrary to allegations in Complaint, see Compl. ¶¶11, 12, 13, 21, 22, 23. |
| Ohkubo is founder and president of Forum Engineering and therefore a sophisticated investor | 9:6-7 | No evidence |
| "Ohkubo says he received [Investment Contract] from Suzuki . . . [and] apparently discussed it with Suzuki" | 9:12-15 | No evidence; citations to record are false. |
| "Suzuki is perhaps the only witness to the drafting of the Contract, the source of its terms, the negotiations with Ohkubo, and the Contract's execution." | 9:16-18 | No evidence, *see* Ohkubo Rebuttal Decl. Ex. A and B (showing that Dana Ichinotsubo had contract reviewed by two sets of Antara's attorneys before sending to Mr. Ohkubo). |
| Suzuki is Mr. Ohkubo's "friend" | 9:22-25 | No evidence; Defendants' citation does not support claim. |
| Suzuki was Mr. Ohkubo's agent | 10:8-10 | No evidence |

| | | |
|---|---|---|
| Suzuki and Ohkubo "worked together (with their friend Ohno) to illegally bilk substantial commissions from Antara without intention of investing in good faith in the Company" | 10:8-10 | No evidence |
| "[F]ive witnesses alone cover all of Antara's books and records and its business operations." | 11:7-8 | No evidence |
| Mr. Ohkubo "admits" that he did not rely upon anything told to him by Labgold or Ichinotsubo | 11:18-20 | No evidence; contrary to Complaint. See Compl. para. 11,12, 13, 21, 22, 23. |
| Defendants' speculation about claims against other Japanese defendants | 12:17 n. 8 | No evidence. |

Plaintiff respectfully submits that these statements have no evidentiary support, objects to them on that basis, and urges the Court to disregard them in determining the pending motion.

Dated:  April 2, 2008                                    SQUIRE, SANDERS & DEMPSEY, L.L.P.

                                                         By: _____/s/_____
                                                              Joseph A. Meckes

                                                         Attorneys for Plaintiff
                                                         IZUMI OHKUBO

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA  94111-3492

-6-
Plaintiff's Sur-Reply Brief in Opposition to Motion to Dismiss
Case No. C07 06354 JW