Squire, Sanders & Dempsey L.L.P.
Nathan Lane III (State Bar # 50961)
Joseph A. Meckes (State Bar # 190279)
One Maritime Plaza, Suite 300
San Francisco, California 94111-3492
Telephone: +1.415.954.0200
Facsimile: +1.415.393.9887
Email: NLane@ssd.com
JMeckes@ssd.com

Attorneys for Plaintiff
IZUMI OHKUBO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IZUMI OHKUBO, <br><br> Plaintiff, <br><br> vs. <br><br> ANTARA BIOSCIENCES, INC., MARC R. LABGOLD and DANA ICHINOTSUBO, <br><br> Defendants. | Case No. C07 06354 JW <br><br> **REBUTTAL DECLARATION OF IZUMI OHKUBO IN OPPOSITION TO MOTION TO DISMISS** <br><br> Date: April 14, 2008 <br> Time: 9:00 a.m. <br><br> Hon. James Ware |

I, Izumi Ohkubo, declare as follows:

1.  I am the plaintiff in this lawsuit. The matters set forth below are within my personal knowledge, and if called upon as a witness, I could and would testify competently thereto.

2.  Attached hereto as Exhibit A and B are true and correct copies of two e-mails, which I received a few minutes apart on March 2, 2006. I understood from these e-mails that Antara, or perhaps Mr. Ichinotsubo acting on Antara's behalf, was responsible for drafting the Investment Contract, which was attached to the Complaint as Exhibit C. Based on these e-mails, I do not believe that the Investment Contract was drafted by Toshiaki Suzuki. I did not receive the Investment Contract that I signed from Mr. Suzuki, but from Ms. Fukuzumi, who, to my

knowledge, is not affiliated with Mr. Suzuki.

3. Attached hereto as Exhibit C is an e-mail I received on March 6, 2006, which forwarded a message from Dana Ichinotsubo regarding the capitalization of Antara.

4. I have never had a business relationship with Toshiaki Suzuki and, until late 2007, I had not heard that he had received a commission as a result of my investment in Antara. I did not invest in Antara or request that Antara repurchase my shares for any purpose intended to benefit Mr. Suzuki, or any person, other than myself.

5. When I signed the Investment Contract, I did not understand or intend that Article 9 of the Investment Contract would mean that the Tokyo District Court would have exclusive jurisdiction over all lawsuits relating to the Investment Contract.

6. Although I do not feel comfortable speaking English, I have an intermediate understanding of the English language. I studied English for many years in school. Thus, I can generally understand what I read in the English language. I have never admitted in any legal proceeding that I cannot speak or read English.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on April 2, 2008 at Tokyo, Japan.

_____
Izumi Ohkubo

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

REBUTTAL DECLARATION OF IZUMI OHKUBO
CASE NO. 07-6354 JW

- 2 -

# OHKUBO REBUTTAL DECLARATION
# EXHIBIT A

## 小南 渉

| | |
|---|---|
| 送信者: | "Toshiaki Suzuki" <tsuzuki@genesys-tech.co.jp> |
| 宛先: | <dana@vidpbx.com> |
| Cc: | <ohkubo@forumeng.co.jp>; "大野浩司" <ohiroshi@eagentcorp.com> |
| 送信日時: | 2006年3月2日 17:00 |
| 添付: | ATT00195.htm; ANTARA Investment Agreement.doc; ANTARA Investment Agreement OLD.doc |
| 件名: | RE: Home - Grass Shack |

Dana-san,

There is one WRONG expression in your draft agreement, I highlighted that part in blue/red.

For all investor's peace of mind, I ask your attorney to check that document again.

Please send reply from your attorney to me directly.

I'll send it to all of investors.

Toshi

07/07/23

投資家契約

　　　　　　（以下「甲」という）、アンタラ・バイオサイエンス・インコーポレーテッド（以下「乙」という）、および日本における乙のスポンサーである株式会社ユーラス・ゲノミックス（以下「丙」という）は、乙の発行する普通株式を甲が取得するにあたり、下記の事項について合意する。

第1条（本株式の発行および引受）
　乙は、乙が発行する普通株式　　　　株を、一株当たり10,000円の発行価額で（以下「目的株式」という）甲に譲渡する。

第2条（払込手続）
　本甲は、2006年02月28日、または、別途甲および乙が合意する期日までに、乙の指定する下記の銀行別段預金口座へ、その引き受ける本株式の発行価額総額　　　　円を振込むものとする。

　　　　振込先：　　　Bank of Tokyo-Mitsubishi UFJ
　　　　　　　　　　　(Tokyo Head Office)
　　　　　　　　　　　FAO Bank of Hawaii, Honolulu
　　　　　　　　　　　A/C 653-0409596
　　　　　　　　　　　FFC　Antara Biosciences Inc.
　　　　　　　　　　　Attn:　Treasury #244

　乙は、甲の請求があれば、甲の支払を受け取ってから30日内に本株式を表章する株券を乙の費用で甲に交付する。

第3条（重要事項の決定）
1　　　甲は、以下の重要事項に関し、乙の書面による通知を受けるものとする。
　　　①合併、営業譲渡、株式交換、株式移転、会社分割、減資、解散
　　　②新株の発行、普通社債の発行、新株予約権付社債の発行、新株予約権の
　　　　発行、自己株式の取得または処分、株式の消却、株式の分割・併合
　　　③定款の変更、事業の停止または廃止、新規事業の開始、重要な資産の処
　　　　分、重要な業務提携の開始または解消、倒産手続の申立
　　　④株式の公開およびその準備
　　　⑤代表取締役の変更
　　　⑥事業計画の重大な変更（株式公開予定時期の変更を含むがこれに限らな
　　　　い）
　　　⑦その他乙の経営に重要な影響を及ぼす事項

2　　　前項の重要事項のどれかについて書面通知を受け取ったとき、乙または丙は

甲の請求により甲の保有する株式（本株式を含むがこれに限らない。以下本条において「買取株式」という）を買い取るものとする。買受価格は、甲が買い取る株式の買受価格に、甲が指定する短期プライムレート（短期最優遇貸出金利）で計算した目的株式の支払期日から買受価格の支払日までの金利を加算した合計額とする。乙または丙は甲が指定する方法で、相互に合意した期間内に甲に買受価格を支払うものとする。乙または丙は本項に基づく譲渡について取締役会の承認、名義書換その他譲渡の実施に必要な措置をとる。

第4条（情報の開示）
1 　乙は、甲に対し、次の通り重要な情報を開示しなければならない。
①期末計算書類・附属明細書（決算期末後3ヵ月以内のできるだけ早い時期）および監査報告書（作成後直ちに）ならびに法人税申告書類（申告後直ちに）
②四半期毎の決算書（各四半期が終わった翌月から45日以内）
③事業計画・その変更計画および売上・利益予想（いずれも作成後直ちに）
④その他乙の経営に重要な影響を及ぼす事項を決定する場合（この場合には第3条⑦の事前同意を要する。）、または乙の経営に重要な影響を及ぼす事実が発生した場合には直ちに甲に報告する。
2 　前項の他、乙は、甲からの質問があるときは、乙または乙の親会社・子会社・関連会社の経営等に関して速やかに必要な情報を開示するものとする。
3 　乙および丙は、甲に対し、本株式取得に関連して甲に提供した情報が正確であり、かかる情報が誠実に作成かつ提供されており、誤解を生じさせないために重要な事実が欠けていないことを表明し保証する。
4 　本条記載の情報の開示において虚偽の情報もしくは事実があった場合または重要な情報もしくは事実の開示がなされない場合には、乙または丙は、甲の請求により甲の保有する株式（本株式を含むがこれに限らない。以下本条において「買取株式」という）を買い取るものとする。乙または丙は甲の要求する期間内に、合意された期間内に甲の株式を買い取るものとする。買受価格は、甲が買い取る株式の買受価格に、甲が指定する短期プライムレート（短期最優遇貸出金利）で計算した目的株式の支払期日から買受価格の支払日までの間の金利を加算した合計額とする。乙または丙は甲の要請を受理してから合意した期間内に、甲が指定する方法で甲に買受価格を支払うものとする。乙または丙は本項に基づく譲渡について取締役会の承認、名義書換その他譲渡の実施に必要な措置をとる。

第5条（守秘義務）
　甲、乙および丙は、本覚書に基づき相手方から受領した秘密情報については、相手方の事前の書面による同意がない限り、これを第三者へ漏洩してはならない。ただし、受領した時点で既に公知の情報、受領した者が守秘義務の負担なく既に保有

していた情報、受領した者の責任によらずに公知となった情報、受領した者がその後に第三者から法的義務に違反せずに入手した情報、甲が官公庁、証券取引所その他の公的機関に関連法令・規則等に基づき開示する場合、その他正当な理由があるときはこの限りでない。

第6条 （株式の譲渡および公開努力義務）
1 　　　甲は、本株式を含む乙の株式が公開された後は、その保有する乙の株式の全部または一部を、自由に売却または譲渡することができる。

2 　　　乙は、できるだけ速やかに乙の株式を公開するよう最善の努力をするものとする。

3 　　　乙の業績、株式市場の状況、その他の事由により公開することが著しく困難になったと甲が判断したとき、または公開が可能であると考えられるのに乙が公開のための手続を開始しないと甲が認めたときは、乙は甲の請求により甲の保有する株式（本株式を含むがこれに限らない。以下本条において「買取株式」という）を買い取るものとする。買受価格は、甲が買い取る株式の買受価格に、甲が指定する短期プライムレート（短期最優遇貸出金利）で計算した目的株式の支払期日から買受価格の支払日までの間の金利を加算した合計額とする。乙または丙は甲の要請を受理してから合意した期間内に、甲が指定する方法で甲に買受価格を支払うものとする。乙は本項に基づく譲渡について取締役会の承認、名義書換その他譲渡の実施に必要な措置をとる。

第7条 （反社会勢力との無関係）
1 　　　乙および丙は、甲に対し以下の事実を表明、保証し、約束する。
　　　　①過去・現在を問わず、乙および丙には暴力団等の反社会的勢力（以下「暴力団等」という）との間に、直接・間接を問わず、何らの資本・資金上の関係はなく、名目の如何を問わず、暴力団等に対し資金提供を行っていないし、今後も行う予定はないこと
　　　　②過去・現在を問わず、乙は暴力団等に属する者およびそれらと親しい間柄の者を、乙の役員等に選任しておらず、また、従業員としても雇用していないし、今後もその予定はないこと
　　　　③暴力団等は直接・間接を問わず、乙の経営に関与していないし、過去に関与したこともないないし、今後もその予定はないこと
　　　　④過去・現在を問わず、乙の株主には暴力団等に属する者およびそれらと親しい間柄の者はいないし、今後もその予定はないこと
2 　　　前項の表明、保証および約束に反する事実が判明した場合には、乙または丙は甲の請求により甲の保有する株式（本株式を含むがこれに限らない。以下本条において「買取株式」という）を買い取るものとする。買受価格

は、甲が買い取る株式の買受価格に、甲が指定する短期プライムレート（短期最優遇貸出金利）で計算した目的株式の支払期日から買受価格の支払日までの間の金利を加算した合計額とする。乙または丙は上記の事実が判明したら早急に、甲が指定する方法で甲に買受価格を支払うものとする。乙または丙は本項に基づく譲渡について取締役会の承認、名義書換その他譲渡の実施に必要な措置をとる。

第8条（本契約の終了）
本契約は、以下の場合に終了する。
　　　①　　本契約の重大な違反
　　　②　　甲が乙の株主でなくなった場合

第9条（管轄）
　本覚書に関する訴訟については、東京地方裁判所を管轄裁判所とする。

第10条（誠実協議）
　本覚書に定めのない事項または疑義がある事項については、甲、乙、丙が誠実に協議して定める。
　本覚書成立の証として、本書3通を作成し、甲、乙、丙各自1通を保有する。


平成　　　年　　　月　　　日

　　　　　　　（甲）




　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　印

　　　　　　　（乙）　1288 Pear Street, Mountain View, California 94043-1432

　　　　　　　　　　　Antara Biosciences, Inc.
　　　　　　　　　　　最高経営責任者Dr. Mark Labgold
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　印

　　　　　　　（丙）　東京都中央区銀座8-18-4

　　　　　　　　　　　株式会社ユーラス・ゲノミックス
　　　　　　　　　　　社長デーナ・イチノツボ
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　印

投資家契約

　　　　　（以下「甲」という）、アンタラ・バイオサイエンス・インコーポレーテッド（以下「乙」という）、および日本における乙のスポンサーである株式会社ユーラス・ゲノミックス（以下「丙」という）は、乙の発行する普通株式を甲が取得するにあたり、下記の事項について合意する。

第1条（本株式の発行および引受）
　乙は、乙が発行する普通株式　　　　株を、一株当たり10,000円の発行価額で（以下「目的株式」という）甲に譲渡する。

第2条（払込手続）
　本甲は、2006年02月28日、または、別途甲および乙が合意する期日までに、乙の指定する下記の銀行別段預金口座へ、その引き受ける本株式の発行価額総額　　　　円を振込むものとする。

　　　振込先：　　　Bank of Tokyo-Mitsubishi UFJ
　　　　　　　　　　(Tokyo Head Office)
　　　　　　　　　　FAO Bank of Hawaii, Honolulu
　　　　　　　　　　A/C 653-0409596
　　　　　　　　　　FFC　Antara Biosciences Inc.
　　　　　　　　　　Attn:　Treasury #244

　乙は、甲の請求があれば、甲の支払を受け取ってから30日内に本株式を表章する株券を乙の費用で甲に交付する。

第3条（重要事項の決定）
1　　　乙は、以下の重要事項に関し、甲の書面による通知を受けるものとする。
　　　①合併、営業譲渡、株式交換、株式移転、会社分割、減資、解散
　　　②新株の発行、普通社債の発行、新株予約権付社債の発行、新株予約権の発行、自己株式の取得または処分、株式の消却、株式の分割・併合
　　　③定款の変更、事業の停止または廃止、新規事業の開始、重要な資産の処分、重要な業務提携の開始または解消、倒産手続の申立
　　　④株式の公開およびその準備
　　　⑤代表取締役の変更
　　　⑥事業計画の重大な変更（株式公開予定時期の変更を含むがこれに限らない）
　　　⑦その他乙の経営に重要な影響を及ぼす事項

2　　　前項の重要事項のどれかについて書面通知を受け取ったとき、乙または丙は

甲の請求により甲の保有する株式（本株式を含むがこれに限らない。以下本条において「買取株式」という）を買い取るものとする。買受価格は、甲が買い取る株式の買受価格に、甲が指定する短期プライムレート（短期最優遇貸出金利）で計算した目的株式の支払期日から買受価格の支払日までの金利を加算した合計額とする。乙または丙は甲が指定する方法で、相互に合意した期間内に甲に買受価格を支払うものとする。乙または丙は本項に基づく譲渡について取締役会の承認、名義書換その他譲渡の実施に必要な措置をとる。

第4条（情報の開示）
1 　　乙は、甲に対し、次の通り重要な情報を開示しなければならない。
　　①期末計算書類・附属明細書（決算期末後3ヵ月以内のできるだけ早い時期）および監査報告書（作成後直ちに）ならびに法人税申告書類（申告後直ちに）
　　②四半期毎の決算書（各四半期が終わった翌月から45日以内）
　　③事業計画・その変更計画および売上・利益予想（いずれも作成後直ちに）
　　④その他乙の経営に重要な影響を及ぼす事項を決定する場合（この場合には第3条⑦の事前同意を要する。）、または乙の経営に重要な影響を及ぼす事実が発生した場合には直ちに甲に報告する。
2 　　前項の他、乙は、甲からの質問があるときは、乙または乙の親会社・子会社・関連会社の経営等に関して速やかに必要な情報を開示するものとする。
3 　　乙および丙は、甲に対し、本株式取得に関連して甲に提供した情報が正確であり、かかる情報が誠実に作成かつ提供されており、誤解を生じさせないために重要な事実が欠けていないことを表明し保証する。
4 　　本条記載の情報の開示において虚偽の情報もしくは事実があった場合または重要な情報もしくは事実の開示がなされない場合には、乙または丙は、甲の請求により甲の保有する株式（本株式を含むがこれに限らない。以下本条において「買取株式」という）を買い取るものとする。乙または丙は甲の要求する期間内に、合意された期間内に甲の株式を買い取るものとする。買受価格は、甲が買い取る株式の買受価格に、甲が指定する短期プライムレート（短期最優遇貸出金利）で計算した目的株式の支払期日から買受価格の支払日までの間の金利を加算した合計額とする。乙または丙は甲の要請を受理してから合意した期間内に、甲が指定する方法で甲に買受価格を支払うものとする。乙または丙は本項に基づく譲渡について取締役会の承認、名義書換その他譲渡の実施に必要な措置をとる。

第5条（守秘義務）
　甲、乙および丙は、本覚書に基づき相手方から受領した秘密情報については、相手方の事前の書面による同意がない限り、これを第三者へ漏洩してはならない。ただし、受領した時点で既に公知の情報、受領した者が守秘義務の負担なく既に保有

していた情報、受領した者の責任によらずに公知となった情報、受領した者がその後に第三者から法的義務に違反せずに入手した情報、甲が官公庁、証券取引所その他の公的機関に関連法令・規則等に基づき開示する場合、その他正当な理由があるときはこの限りでない。

第6条（株式の譲渡および公開努力義務）
1　　甲は、本株式を含む乙の株式が公開された後は、その保有する乙の株式の全部または一部を、自由に売却または譲渡することができる。

2　　乙は、できるだけ速やかに乙の株式を公開するよう最善の努力をするものとする。

3　　乙の業績、株式市場の状況、その他の事由により公開することが著しく困難になったと甲が判断したとき、または公開が可能であると考えられるのに乙が公開のための手続を開始しないと甲が認めたときは、乙は甲の請求により甲の保有する株式（本株式を含むがこれに限らない。以下本条において「買取株式」という）を買い取るものとする。買受価格は、甲が買い取る株式の買受価格に、甲が指定する短期プライムレート（短期最優遇貸出金利）で計算した目的株式の支払期日から買受価格の支払日までの間の金利を加算した合計額とする。乙または丙は甲の要請を受理してから合意した期間内に、甲が指定する方法で甲に買受価格を支払うものとする。乙は本項に基づく譲渡について取締役会の承認、名義書換その他譲渡の実施に必要な措置をとる。

第7条（反社会勢力との無関係）
1　　乙および丙は、甲に対し以下の事実を表明、保証し、約束する。
　　①過去・現在を問わず、乙および丙には暴力団等の反社会的勢力（以下「暴力団等」という）との間に、直接・間接を問わず、何らの資本・資金上の関係はなく、名目の如何を問わず、暴力団等に対し資金提供を行っていないし、今後も行う予定はないこと
　　②過去・現在を問わず、乙は暴力団等に属する者およびそれらと親しい間柄の者を、乙の役員等に選任しておらず、また、従業員としても雇用していないし、今後もその予定はないこと
　　③暴力団等は直接・間接を問わず、乙の経営に関与していないし、過去に関与したこともないないし、今後もその予定はないこと
　　④過去・現在を問わず、乙の株主には暴力団等に属する者およびそれらと親しい間柄の者はいないし、今後もその予定はないこと
2　　前項の表明、保証および約束に反する事実が判明した場合には、乙または丙は甲の請求により甲の保有する株式（本株式を含むがこれに限らない。以下本条において「買取株式」という）を買い取るものとする。買受価格

は、甲が買い取る株式の買受価格に、甲が指定する短期プライムレート（短期最優遇貸出金利）で計算した目的株式の支払期日から買受価格の支払日までの間の金利を加算した合計額とする。乙または丙は上記の事実が判明したら早急に、甲が指定する方法で甲に買受価格を支払うものとする。乙または丙は本項に基づく譲渡について取締役会の承認、名義書換その他譲渡の実施に必要な措置をとる。

第8条（本契約の終了）
本契約は、以下の場合に終了する。
　　①　本契約の重大な違反
　　②　甲が乙の株主でなくなった場合

第9条（管轄）
　本覚書に関する訴訟については、東京地方裁判所を管轄裁判所とする。

第10条（誠実協議）
　本覚書に定めのない事項または疑義がある事項については、甲、乙、丙が誠実に協議して定める。
　本覚書成立の証として、本書3通を作成し、甲、乙、丙各自1通を保有する。


平成　　年　　月　　日

　　　　　（甲）




　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　印

　　　　　（乙）　1288 Pear Street, Mountain View, California 94043-1432

　　　　　　　　　Antara Biosciences, Inc.
　　　　　　　　　最高経営責任者 Dr. Mark Labgold
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　印

　　　　　（丙）　東京都中央区銀座8-18-4

　　　　　　　　　株式会社ユーラス・ゲノミックス
　　　　　　　　　社長　デーナ・イチノツボ
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　印

# OHKUBO REBUTTAL DECLARATION EXHIBIT B

小南 渉

| | |
|---|---|
| 送信者： | "Dana Ichinotsubo *" <dana@vidpbx.com> |
| 宛先： | <ohkubo@forumeng.co.jp> |
| Cc: | <tsuzuki@genesys-tech.co.jp>; <Drlabgold@aol.com>; <dory@vidpbx.com>; "'wakebe yusuke /YSW'" <yusuke_wakebe@noandt.com> |
| 送信日時： | 2006年3月2日 17:29 |
| 添付： | ATT00184.htm |
| 件名： | Eurus - Antara |

Ohkubo san:
Thank you very much for meeting with me, Dory and Dr. Labgold. I appreciate your strong support on our business.

I understand there was a mistake in the Japanese Stock Agreement. I asked many things of Suzuki san and this mistake is "not" his fault it is my mistake. I am sincerely very sorry for the mistake in the Agreement. We had a US - Japanese attorney review and translate in the states.

I forwarded the Agreement to our Japan attorney, Mr. Yusuke Wakebe, of the law firm of Nagashima, Ohno & Tsunematsu
to review the agreement. Mr. Wakebe will let me know as soon as possible.
Again, I am sorry for the mistake.
Thank you very much for your support.
Dana Ichinotsubo

# OHKUBO REBUTTAL DECLARATION EXHIBIT C

| From: | 大野浩司 [ohiroshi@eagentcorp.com] |
|---|---|
| Sent: | 2006年10月27日金曜日 13:38 |
| To: | Sugita, Hiroki |
| Subject: | Fw: Answer to Questions |
| Attachments: | delaware-cert001.pdf; EURUS GENOMICS - TOUKIBO.pdf |

杉田先生

転送します。

大野浩司

----- Original Message -----
From: Toshiaki Suzuki
To: ohkubo@forumeng.co.jp
    大野浩司
    : Monday, March 06, 2006 10:54 AM
Subject: FW: Answer to Questions

大久保様、

EURUSのDanaさんからの回答です。
添付はANTARAと株式会社ユーラス・ジェノミックスの登記書類・登記簿です。

Finance Planは…

| Investment | | Paid Capital | Share Price | # of Shares |
|---|---|---|---|---|
| Founder / Core Investor | | | | 1,000,000 |
| | Eurus / Ichinotsubo Family Trust | US$5.0M | | |
| | Labgold Trust | US$2.0M | | |
| | Clinical Laboratory Hawaii - Dr. Park | US$3.0M | | |
| | Genesys Technologies | US$0.0M | | |
| | Toshiba | US$0.0M | | |
| Core Investors, bt end of Feb 2006 | | ¥1,000M | ¥10,000 | 100,000 |
| Initial Investors, first round, by end of Mar 2006 | | ¥4,000M | ¥20,000 | 200,000 |
| Initial Investors, second round, by end of Jun 2006 | | ¥4,000M | ¥40,000 | 100,000 |

のようになります。

宜しくお願い致します。

鈴木＠藤沢

---

From: Dana Ichinotsubo * [mailto:dana@vidpbx.com]
Sent: Sunday, March 05, 2006 4:08 PM
To: tsuzuki@genesys-tech.co.jp
Cc: dory@vidpbx.com
Subject: Answer to Questions

Suzuki san:
See my answers below.
Please attached are the PDF o Eurus - Toukibo and Antara - Corporation document.
  ana

**From:** Toshiaki Suzuki [mailto:tsuzuki@genesys-tech.co.jp]
**Sent:** Thursday, March 02, 2006 8:20 PM
**To:** dana@vidpbx.com
**Cc:** dory@vidpbx.com; '大野浩司'; ohkubo@forumeng.co.jp
**Subject:** RE: Home - Grass Shack

Dana-san,

Okubo-san needs following information about ANTARA

1) List of hare holders and how much invest from each, current

Paid in Capital / Share Holders:    Eurus / Ichinotsubo Family Trust = 5 million US dollars
                                     Labgold Trust = 2 million US dollars
                                     Clinical Laboratory Hawaii - Dr. Park = 3 million US dollars
                                     Genesys Technologies = 0 capital
                                     Toshiba = 0 capital

2) Certification documents for corporate registration

   See attached PDF of Antara Corporate registration in Delaware and
   The Toukibo for Eurus.

3) Financial plan, such as...
   a) Corporate establishment, when/# of share/share price

      Established December 16, 2005,
      Shares: 1,000,000

   b) Core Investment, when/# of share/share price

      Core Investment is the same as above #1.

   c) Pre investment, when/# of share/share price

      Pre-investment 100,000 shares at 10,000 yen per share.
      Close Date February 28, 2006

   d) Investment in 2nd (option-1), when/# of share/share price

      Initial (First round) Investment:   200,000 shares at 20,000 yen per share
                                          Close date: March 31, 2006

   e) Allocation of new shares to a third party (optio-2)

      Second round of investment:   (50,000 - 100,000) shares at least 40,000 yen (Consideration / Pending) per share
      (Considering / Pending)       Proposed close date: June 30, 2006

   f) Grant from FED (option-3)

      Grant from Fed:     Estimated late 2006 or early 2007
      IPO                 Start preparation Late 2006 and prepare for possible IPO anytime in
                          early 2007

# Delaware

PAGE 1

*The First State*

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT COPY OF THE CERTIFICATE OF INCORPORATION OF "ANTARA BIOSCIENCES INC.", FILED IN THIS OFFICE ON THE SIXTEENTH DAY OF DECEMBER, A.D. 2005, AT 12:08 O'CLOCK P.M.

A FILED COPY OF THIS CERTIFICATE HAS BEEN FORWARDED TO THE NEW CASTLE COUNTY RECORDER OF DEEDS.

Harriet Smith Windsor, Secretary of State

AUTHENTICATION: 4382499

DATE: 12-19-05

4076902  8100

051030040