Squire, Sanders & Dempsey L.L.P.
Nathan Lane III (State Bar # 50961)
Joseph A. Meckes (State Bar # 190279)
One Maritime Plaza, Suite 300
San Francisco, California  94111-3492
Telephone:  +1.415.954.0200
Facsimile:  +1.415.393.9887
Email:      NLane@ssd.com
            JMeckes@ssd.com

Attorneys for Plaintiff
IZUMI OHKUBO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IZUMI OHKUBO, | Case No. C07 06354 JW |
| Plaintiff, | **DECLARATION OF JOSEPH A. MECKES IN SUPPORT OF MOTION FOR ADMINISTRATIVE RELIEF** |
| vs. | |
| ANTARA BIOSCIENCES, INC., MARC R. LABGOLD and DANA ICHINOTSUBO, | **Civ. L. R. 7-11** |
| Defendants. | |

I, Joseph A. Meckes, declare as follows:

1.      I am an attorney at law licensed to practice before all state and federal courts located in the State of California, and before various other federal appeals courts and federal district courts, and I am a partner in the law firm of Squire, Sanders & Dempsey L.L.P.  I represent plaintiff Izumi Ohkubo this action.  The matters set forth below are within my personal knowledge, and if called upon as a witness, I could and would testify competently thereto.

2.      Defendant's Memorandum of Points and Authorities in support of their Motion to Dismiss was approximately 10 and a half pages long and contained virtually no facts to support dismissal for improper venue or *forum non conveniens*, as Defendants requested.

3.      Although Defendants argued that the parties' agreement contained a mandatory forum selection provision, they did not explain how this provision (which provides solely for

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA  94111-3492

DECLARATION OF JOSEPH A. MECKES IN SUPPORT OF M.A.R.
Case No. C07 06354 JW

1    jurisdiction) can be considered mandatory under Ninth Circuit law (which required forum

2    selection provisions to contain clear language indicating exclusivity).

3        4.    Defendants further argued that the Court should dismiss under the doctrine of

4    *forum non conveniens* because there "critical" evidence was located in Japan, but Defendants did

5    not explain what the alleged evidence was and why it was critical.

6        5.    Defendants' Reply Memorandum makes factual assertions and arguments that

7    should have been made in their Opening Brief, if at all.

8        6.    Defendants have provided no evidentiary support for most of their factual

9    assertions, many of which are contradicted by documents Defendants themselves created or the

10   pleadings that Defendants cite for support.

11       7.    In a footnote in their Reply, Defendants also apparently challenge the authenticity

12   of the Investment Contract by claiming that there is a "actual" contract between the parties that is

13   different from the Investment Agreement that they are relying on in support of their Motion--but

14   without providing the Court a copy of this alleged "actual" agreement.  Reply at 3 n.3.

15       8.    Counsel for Mr. Ohkubo has requested that Defendants' stipulate to permit Mr.

16   Ohkubo to file the requested documents.  Defendants have refused.

17        I declare under penalty of perjury under the laws of the United States of America that the

18   foregoing is true and correct.  Executed on April 2, 2008 at San Francisco, California.

19

20                                        _____
                                                  /s/
                                         Joseph A. Meckes

21

22

23

24

25

26

27

28

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA  94111-3492