FILED

**NOT FOR PUBLICATION**                                             FEB 02 2010

UNITED STATES COURT OF APPEALS                                      MOLLY C. DWYER, CLERK
                                                                    U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT


| IZUMI OHKUBO, | No. 08-17467 |
|---|---|
| Plaintiff - Appellant, | D.C. No. 5:07-cv-06354-JW |
| v. | |
| ANTARA BIOSCIENCES, INC.; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |


Appeal from the United States District Court
for the Northern District of California
James Ware, District Judge, Presiding

Argued and Submitted January 14, 2010
San Francisco, California

Before: KOZINSKI, Chief Judge, WALLACE and CLIFTON, Circuit Judges.

Izumi Ohkubo appeals the district court's dismissal of this action upon Defendants' Rule 12(b)(3) motion to dismiss for improper venue. The district court held that a forum selection clause in the parties' investment agreement designated the Tokyo District Court the exclusive forum for lawsuits related to the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

agreement, making venue in the Northern District of California improper. Because "the interpretation of contractual language in [this] forum selection clause does not turn on the credibility of extrinsic evidence but on an application of the principles of contract interpretation, we review the district court's interpretation *de novo*." *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009). We affirm the district court's judgment and do not reach Defendants' alternative argument that the case should be dismissed on *forum non conveniens* grounds.

    The district court analyzed an English translation of the parties' investment agreement that Ohkubo attached to his complaint. "Factual assertions in pleadings and pretrial orders, unless amended, are considered judicial admissions conclusively binding on the party who made them." *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988). As a "factual assertion" of the correct English rendering of the parties' Japanese-language agreement, Ohkubo's translation was such a judicial admission. Ohkubo could have sought to amend, but did not. Nor, as counsel clarified at oral argument, did he provide the court with an alternative translation, which might have been considered a tacit motion to amend. With no alternative English translation to consider, the court was entitled to rely upon the only English version of the agreement before it. Ohkubo's later-submitted evidence that articles do not exist in the Japanese language is

superfluous because "[j]udicial admissions . . . have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." *Am. Title Ins. Co.*, 861 F.2d at 226. Ohkubo's translation—a judicial admission that he never attempted to amend—eliminated the need for any further evidence on how the forum selection clause should be translated.

The translated forum selection clause reads: "The Tokyo District Court shall be the court with jurisdiction regarding lawsuits related to this Memorandum." This clause uses "language that clearly designates a forum as the exclusive one." *N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1037 (9th Cir. 1995). "[T]he word 'shall' is a mandatory term," *Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 77 (9th Cir. 1987), and "*the* court with jurisdiction" expressly indicates exclusivity in a way that the clause at issue in *Hunt Wesson* did not.

Because the existing record supports our decision, Defendants' motion for permission to file a request for judicial notice and Ohkubo's conditional request for judicial notice are denied as moot.

**AFFIRMED.**

United States Court of Appeals for the Ninth Circuit

Office of the Clerk
95 Seventh Street
San Francisco, CA 94103

**Information Regarding Judgment and Post-Judgment Proceedings**
(December 2009)

**Judgment**
- This Court has filed and entered the attached judgment in your case. Fed. R. App. P. 36. Please note the filed date on the attached decision because all of the dates described below run from that date, not from the date you receive this notice.

**Mandate (Fed. R. App. P. 41; 9th Cir. R. 41-1 & -2)**
- The mandate will issue 7 days after the expiration of the time for filing a petition for rehearing or 7 days from the denial of a petition for rehearing, unless the Court directs otherwise. To file a motion to stay the mandate, file it electronically via the appellate ECF system or, if you are a pro se litigant or an attorney with an exemption from using appellate ECF, file one original motion on paper.

**Petition for Panel Rehearing (Fed. R. App. P. 40; 9th Cir. R. 40-1)**
**Petition for Rehearing En Banc (Fed. R. App. P. 35; 9th Cir. R. 35-1 to -3)**

(1) A. **Purpose (Panel Rehearing):**
   - A party should seek panel rehearing only if one or more of the following grounds exist:
     ▶ A material point of fact or law was overlooked in the decision;
     ▶ A change in the law occurred after the case was submitted which appears to have been overlooked by the panel; or
     ▶ An apparent conflict with another decision of the Court was not addressed in the opinion.
   - Do not file a petition for panel rehearing merely to reargue the case.

   B. **Purpose (Rehearing En Banc)**
   - A party should seek en banc rehearing only if one or more of the following grounds exist:

- ▶ Consideration by the full Court is necessary to secure or maintain uniformity of the Court's decisions; or
- ▶ The proceeding involves a question of exceptional importance; or
- ▶ The opinion directly conflicts with an existing opinion by another court of appeals or the Supreme Court and substantially affects a rule of national application in which there is an overriding need for national uniformity.

**(2)   Deadlines for Filing:**
- A petition for rehearing may be filed within 14 days after entry of judgment. Fed. R. App. P. 40(a)(1).
- If the United States or an agency or officer thereof is a party in a civil case, the time for filing a petition for rehearing is 45 days after entry of judgment. Fed. R. App. P. 40(a)(1).
- If the mandate has issued, the petition for rehearing should be accompanied by a motion to recall the mandate.
- *See* Advisory Note to 9th Cir. R. 40-1 (petitions must be received on the due date).
- An order to publish a previously unpublished memorandum disposition extends the time to file a petition for rehearing to 14 days after the date of the order of publication or, in all civil cases in which the United States or an agency or officer thereof is a party, 45 days after the date of the order of publication. 9th Cir. R. 40-2.

**(3)   Statement of Counsel**
- A petition should contain an introduction stating that, in counsel's judgment, one or more of the situations described in the "purpose" section above exist. The points to be raised must be stated clearly.

**(4)   Form & Number of Copies (9th Cir. R. 40-1; Fed. R. App. P. 32(c)(2))**
- The petition shall not exceed 15 pages unless it complies with the alternative length limitations of 4,200 words or 390 lines of text.
- The petition must be accompanied by a copy of the panel's decision being challenged.
- An answer, when ordered by the Court, shall comply with the same length limitations as the petition.
- If a pro se litigant elects to file a form brief pursuant to Circuit Rule 28-1, a petition for panel rehearing or for rehearing en banc need not comply with Fed. R. App. P. 32.

- The petition or answer must be accompanied by a Certificate of Compliance found at Form 11, available on our website at   under *Forms*.
- You may file a petition electronically via the appellate ECF system. No paper copies are required unless the Court orders otherwise. If you are a pro se litigant or an attorney exempted from using the appellate ECF system, file one original petition on paper. No additional paper copies are required unless the Court orders otherwise.

**Bill of Costs (Fed. R. App. P. 39, 9th Cir. R. 39-1)**
- The Bill of Costs must be filed within 14 days after entry of judgment.
- See Form 10 for additional information, available on our website at   under *Forms*.

**Attorneys Fees**
- Ninth Circuit Rule 39-1 describes the content and due dates for attorneys fees applications.
- All relevant forms are available on our website at  under *Forms* or by telephoning (415) 355-7806.

**Petition for a Writ of Certiorari**
- Please refer to the Rules of the United States Supreme Court at

**Counsel Listing in Published Opinions**
- Please check counsel listing on the attached decision.
- If there are any errors in a published <u>opinion</u>, please send a letter **in writing within 10 days** to:
    - ► West Publishing Company; 610 Opperman Drive; PO Box 64526; St. Paul, MN 55164-0526 (Attn: Kathy Blesener, Senior Editor);
    - ► and electronically file a copy of the letter via the appellate ECF system by using "File Correspondence to Court," or if you are an attorney exempted from using the appellate ECF system, mail the Court one copy of the letter.

Form 10. Bill of Costs ........................................................................................................................(Rev. 12-1-09)

# United States Court of Appeals for the Ninth Circuit

# BILL OF COSTS

**Note:** If you wish to file a bill of costs, it MUST be submitted on this form and filed, with the clerk, with proof of service, within 14 days of the date of entry of judgment, and in accordance with 9th Circuit Rule 39-1. A late bill of costs must be accompanied by a motion showing good cause. Please refer to FRAP 39, 28 U.S.C. § 1920, and 9th Circuit Rule 39-1 when preparing your bill of costs.

[_____]  v.  [_____]   9th Cir. No. [_____]

The Clerk is requested to tax the following costs against: [_____]

| Cost Taxable under FRAP 39, 28 U.S.C. § 1920, 9th Cir. R. 39-1 | REQUESTED Each Column Must Be Completed | | | | ALLOWED To Be Completed by the Clerk | | | |
|---|---|---|---|---|---|---|---|---|
| | No. of Docs. | Pages per Doc. | Cost per Page* | TOTAL COST | No. of Docs. | Pages per Doc. | Cost per Page* | TOTAL COST |
| Excerpt of Record | | | $ | $ | | | $ | $ |
| Opening Brief | | | $ | $ | | | $ | $ |
| Answering Brief | | | $ | $ | | | $ | $ |
| Reply Brief | | | $ | $ | | | $ | $ |
| Other** | | | $ | $ | | | $ | $ |
| | | | TOTAL: | $ | | | TOTAL: | $ |

\* Costs per page may not exceed .10 or actual cost, whichever is less. 9th Circuit Rule 39-1.

\*\* Other: Any other requests must be accompanied by a statement explaining why the item(s) should be taxed pursuant to 9th Circuit Rule 39-1. Additional items without such supporting statements will not be considered.

Attorneys' fees **cannot** be requested on this form.

*Continue to next page.*

**Form 10. Bill of Costs** - *Continued*

I, _____, swear under penalty of perjury that the services for which costs are taxed were actually and necessarily performed, and that the requested costs were actually expended as listed.

Signature _____
("s/" plus attorney's name if submitted electronically)

Date _____

Name of Counsel: _____

Attorney for: _____

---

(To Be Completed by the Clerk)

Date _____     Costs are taxed in the amount of $ _____

Clerk of Court

By: _____ , Deputy Clerk